698 P.2d 428

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Michael Anthony GUZMAN,
Defendant-Appellant.**

No. 15578.

Supreme Court of New Mexico.

April 4, 1985.

Joseph M. Fine, Albuquerque, Trial Counsel, Janet Clow, Chief Public Defender, J. Thomas Sullivan, Sp. Appellate Defender, Santa Fe, for defendant-appellant.

Paul Bardacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

RIORDAN, Justice.

Michael Anthony Guzman (defendant) was tried and convicted of capital murder and sentenced to death by a jury. On appeal, defendant's conviction and sentence were affirmed by this Court. *State v. Guzman*, 100 N.M. 756, 676 P.2d 1321 (1984). Following denial of his petition for certiorari in the United States Supreme Court, — U.S. ——, 104 S.Ct. 3548, 82 L.Ed.2d 851 (1984), and issuance of the mandate by this Court, defendant moved for correction, or alternatively, for modification of his sentence pursuant to NMSA 1978, Crim.P.Rule 57.1 (Repl.Pamp.1980). The State orally moved to quash the Rule 57.1 motion, and the district court sustained the motion to quash on the ground that it lacked jurisdiction to entertain the Rule 57.1 motion on its merits. Defendant appeals. We affirm.

The issue is whether the district court can modify a death sentence under Rule 57.1.

Rule 57.1 provides:

(a) **Correction of sentence.** The district court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) **Modification of sentence.** The district court may reduce a sentence within thirty days after the sentence is imposed, or within thirty days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within thirty days after entry of any order or judgment of the appellate court denying review of, or having the effect of upholding, a judgment of conviction. The district court may also reduce a sentence upon revocation of probation as provided

by law. Changing a sentence from a sentence of incarceration to a sentence of probation shall constitute a permissible reduction of sentence under this subdivision.

Defendant moved for relief under both provisions of Rule 57.1. He specifically requested that the district court, pursuant to subsection (a), correct his sentence, claiming that his sentence was illegal because the mitigating circumstances outweighed the aggravating circumstances. Defendant also requested a reduction of his sentence from death to life imprisonment, pursuant to subsection (b). In addition, defendant requested that the district court consider the Rule 57.1 motion on its merits despite the fact that his sentence had been imposed by a jury, rather than by the court.

■ The Capital Felony Sentencing Act, NMSA 1978, Sections 31–20A–1 through 31–20A–6 (Repl.Pamp.1981), sets forth the procedures for sentencing a defendant who has been convicted of a capital felony. Upon completion of the sentencing proceeding, the jury (in a jury trial) must decide whether the defendant should be sentenced to death or to life in prison. § 31–20A–2(B). If the jury unanimously finds at least one aggravating circumstance beyond a reasonable doubt, and if after weighing aggravating circumstances against any mitigating circumstances, it unanimously specifies a sentence of death, "the court *shall* sentence the defendant to death." § 31–20A–3 (emphasis added). Thus, once the jury has unanimously agreed on a sentence of death (in conformance with the Capital Felony Sentencing Act), the district court has no discretion to impose a sentence of life imprisonment. It is *this* Court which automatically reviews the jury's judgment and sentence. § 31–20A–4(A); *State v. Guzman*, 100 N.M. at 763, 676 P.2d at 1328.

■ In this case, the jury unanimously agreed on a sentence of death, the district court imposed that sentence, and we affirmed. Defendant cannot now seek to have his death sentence changed to a life

sentence (and thereby set aside the determinations of the jury and of this Court) by circumventing the Capital Felony Sentencing Act and relying on Rule 57.1. The district court does not have authority under Rule 57.1 to impose a modified sentence that it could not impose at the time of original sentencing.

The district court was correct in concluding that it lacked jurisdiction to entertain defendant's Rule 57.1 motion. The judgment of the district court is affirmed.

IT IS SO ORDERED.

FEDERICI, C.J., and STOWERS, J., concur.

SOSA, Senior Justice, specially concurring.

WALTERS, J., joining in special concurrence.

SOSA, Senior Justice, specially concurring.

I concur with the majority opinion insofar as it concludes that the district court cannot modify a death sentence imposed by a jury. However, I call attention to my dissent in *State v. Garcia*, 99 N.M. 771, 664 P.2d 969, *cert. denied*, 462 U.S. 1112, 103 S.Ct. 2464, 77 L.Ed.2d 1341 (1983), and the reasons set forth therein regarding my objections to the manner in which death sentences are imposed in New Mexico.

WALTERS, Justice.

I join in Senior Justice Sosa's special concurrence.