700 P.2d 646

STATE of New Mexico, Plaintiff-Appellee,

v.

David Leon CHEADLE, Defendant-Appellant.

No. 15468.

Supreme Court of New Mexico.

May 30, 1985.

Janet Clow, Chief Public Defender, Lewis Fleishman, Asst. Appellate Defender, J.

Thomas Sullivan, Sp. Appellate Defender, Santa Fe, for defendant-appellant.

Paul Bardacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, Stephen A. Slusher, Special Asst. Atty. Gen., Albuquerque, for plaintiff-appellee.

## OPINION

RIORDAN, Justice.

David Leon Cheadle (defendant) was tried and convicted of capital murder and sentenced to death by a jury. On appeal, this Court affirmed defendant's conviction and sentence. *State v. Cheadle*, 101 N.M. 282, 681 P.2d 708 (1983). Following denial of his petition for writ of certiorari in the United States Supreme Court, *Cheadle v. New Mexico*, —— U.S. ——, 104 S.Ct. 1930, 80 L.Ed.2d 475 (1984), this Court issued its mandate and remanded the case to the district court for imposition of sentence. Defendant then filed a motion for modification of sentence pursuant to NMSA 1978, Crim.P.Rule 57.1(b) (Repl.Pamp.1980). The district court granted the State's oral motion to quash the Rule 57.1(b) motion on the ground that it lacked jurisdiction to vacate or modify a sentence of death imposed by a jury. The district court stated that had defendant elected to be sentenced by the court, the court would have retained jurisdiction to reconsider the sentence upon defendant's motion. Defendant appeals. We affirm.

■ The first issue raised by defendant on appeal is whether the district court has jurisdiction to modify, pursuant to Rule 57.1(b), a jury-imposed death sentence. We recently decided that it does not. *State v. Guzman*, 698 P.2d 428 (1985) (holding once a jury has unanimously agreed on a sentence of death under the Capital Felony Sentencing Act, the district court has no discretion to impose a different sentence). Thus, we address only the second issue raised by defendant on appeal: whether defendant is denied due process and equal protection of the law by this Court's holding that the district court does not have jurisdiction to modify, pursuant to Rule 57.1(b), a jury-imposed death sentence. We determine that he is not.

■ Defendant argues on appeal that he is, in effect, being penalized for exercising his right to trial by jury. Defendant bases this argument on the district court's statement that had it imposed defendant's sentence, it would now be able to reconsider the sentence under Rule 57.1(b). The statement of the district court is contrary to our decision in *Guzman*, and defendant's argument is therefore improperly premised.

The Capital Felony Sentencing Act, NMSA 1978, Sections 31–20A–1 to –6 (Repl. Pamp.1981), sets forth mandatory procedures for imposing and reviewing a death sentence. Using the same procedures, either a jury (in a jury sentencing proceeding) or a judge (in a nonjury sentencing proceeding) decides whether to impose a death sentence. Before imposing the death sentence in a nonjury sentencing proceeding, a judge (like the jury in a jury sentencing proceeding) must first find that a statutory aggravating circumstance existed and that such circumstance outweighed the mitigating circumstances. Like the sentencing jury, the sentencing judge would then have to decide whether to impose a penalty of death or life imprisonment. §§ 31–20A–2 and –3.

■ In *Guzman*, we held that because the court could not impose a sentence contrary to that rendered by the jury at the time of original sentencing, the court could not later impose a modified sentence pursuant to Rule 57.1(b). Likewise, because the sentence once imposed under the Act is mandatory, the district court would not have *discretion* to modify a death sentence under Rule 57.1(b) (and thereby override the Act) merely because it originally imposed that sentence in a nonjury proceeding.[1] We therefore determine that defend-

---

1. In any case involving a mandatory penalty required by law, the district court cannot circumvent the mandatory nature of that sentence by imposing the sentence and later amending it to eliminate the mandatory aspect by applying

ant has not been denied due process and equal protection of the law.

The judgment of the district court is affirmed.

IT IS SO ORDERED.

FEDERICI, C.J., SOSA, Senior Justice, THOMAS A. DONNELLY, Chief Judge, New Mexico Court of Appeals, and LORENZO GARCIA, District Judge, concur.

Rule 57.1. *E.g., State v. Pendley*, 92 N.M. 658,