Mark A. HOPKINSON,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 85-132.

Supreme Court of Wyoming.

Aug. 23, 1985.

Leonard D. Munker, State Public Defender, and Martin J. McClain, Appellate Coun-

sel, Wyo. Public Defender Program, for appellant.

Allen C. Johnson, Senior Asst. Atty. Gen., for appellee.

Before THOMAS, C.J., ROSE and CARDINE, JJ., RAPER, J., Retired, and JOHNSON, D.J.

PER CURIAM.

This is the fifth time appellant Mark A. Hopkinson has been to this Court seeking to vacate his convictions or death sentence. For future reference, the instant appeal will be known as *Hopkinson V.* Citations to previous appeals and proceedings are *Hopkinson v. State*, Wyo., 632 P.2d 79 (1981), cert. denied 455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463 (1982) [*Hopkinson I*]; *Hopkinson v. State*, Wyo., 664 P.2d 43, cert. denied — U.S. —, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983) [*Hopkinson II*]; *Hopkinson v. State*, Wyo., 679 P.2d 1008, cert. denied — U.S. —, 105 S.Ct. 228, 83 L.Ed.2d 157 (1984) [*Hopkinson III*]; and *State ex rel. Hopkinson v. District Court, Teton County*, Wyo., 696 P.2d 54 (1985) (petition for writ of certiorari mailed June 11, 1985) [*Hopkinson IV*]. The facts of appellant's guilt and culpability for four murders and the aggravating circumstances justifying the death sentence for the murder of Jeff Green, along with supporting references to the record, can be found in considerable detail in those cases.

In the last appeal, *Hopkinson IV*, this Court affirmed the district court's denial of post-conviction relief and directed the trial judge by appropriate proceedings, "to set a new date for appellant's execution." The trial judge set a date for proceedings to fix a new date for execution. The proceedings for fixing a new date of execution were held on the 17th day of May, 1985. At those proceedings, appellant's counsel orally argued a written motion for reduction of sentence pursuant to Rule 36, W.R.Cr.P.,[1] which had been filed on May 13, 1985. The motion was denied in open court at such proceedings. The district judge set the date of execution for June 18, 1985.

The district judge, also in open court, denied an oral motion for stay of execution, "pending any further appellate work we intend to do in this case." The State was directed to prepare the necessary instruments for the judge's signature. A written "Judgment and Sentence" and other orders to confirm the court's pronouncement of an execution date, denial of a reduction in sentence to life imprisonment, and the oral motion for stay of execution were filed with and entered by the clerk of court on May 23, 1985.

On May 30, 1985, appellant filed a timely notice of appeal from the order denying sentence reduction dated May 17, 1985, and the order denying stay of execution dated May 22, 1985 (these are the orders entered by the clerk of court on May 23, 1985). The record also shows that on May 23, 1985, appellant's counsel signed and mailed another motion for stay of execution. This motion was mailed on May 23, 1985, to the trial judge (not the clerk of court), and ultimately was apparently filed by the judge with the clerk of court on May 28, 1985. On May 28, 1985, the district court denied this stay by written order and the clerk of court entered the order on May 29, 1985. Neither this order nor the "Judgment and Sentence" has been appealed.

On June 7, 1985, appellant filed a motion in this Court for stay or for an order declaring the sentence of death void. On June 10, 1985, the State filed a memorandum brief in opposition to such motion. On

---

1. Rule 36, W.R.Cr.P.:

"The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce the sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court having the effect of upholding the judgment of conviction. The court may also reduce a sentence upon revocation of a probation as provided by law."

Substantially the same as Rule 35, Federal Rules of Criminal Procedure.

June 12, 1985, this Court entered an order staying execution until 15 days after the mandate shall issue to the district court, which order also provided for an accelerated briefing schedule and set July 22, 1985, for oral argument.

The issues are:

1. Can the district court reduce a sentence of death to life imprisonment?

2. Is the fixing of a new date for execution in a death case, following a stay prompted by the appellate process, a "sentence" within the purview of Rules 33 and 36, W.R.Cr.P., and the word "sentenced" in § 7-13-907, W.S.?[2]

3. Should this Court fix a date of execution at this time?

4. Should the district court have stayed the execution?

5. Should the trial judge be removed because of bias and prejudice?[3]

We will affirm the district court's denial of reduction of sentence and stay execution until disposition of appellant's petition for certiorari pending before the Supreme Court of the United States. This action does not vacate this Court's order staying execution until a specified day after the mandate shall issue to the district court, if the petition for certiorari is denied prior to that date. We will, however, modify that June 12, 1985, stay order to 30 days, rather than 15 days.

I

■ This Court has held that the denial of a motion for sentence reduction is a final appealable order. *Williams v. State,* Wyo., 692 P.2d 233 (1984); *Fortin v. State,* Wyo., 622 P.2d 418 (1981); *Jones v. State,* Wyo., 602 P.2d 378 (1979); *Montez v. State,* Wyo., 592 P.2d 1153 (1979). It was on this basis that the June 12, 1985, order of this Court staying execution was entered. Rule 2.11.1, W.R.A.P., provides that "[a] sentence of death shall be stayed pending appeal." We will hold that the district court did not err in denying the motion for sentence reduction, because it was without jurisdiction to do so under the circumstances of this case.

■ Generally, the trial court may fix a punishment within "the limits prescribed by law." Section 6-10-104, W.S. For a first-degree murder conviction, § 6-2-102(f), W.S., specifically provides that "[w]here a recommendation of death is made [by the jury], the court shall sentence the defendant to death." (Bracketed material added.) Creation of a specific mode of exercising a power excludes all others and where a special provision is made by statute, it prevails over the general. The *Town of Worland v. Odell and Johnson,* 79 Wyo. 1, 329 P.2d 797 (1958). "Shall" indicates a mandatory intent. *Mayland v. State,* Wyo., 568 P.2d 897 (1977). The clear, mandatory language leaves no discretion with the trial judge to reduce the penalty of death to life imprisonment. Courts have no right to make law contrary to mandatory statutes of the legislature. *Thomson v. Wyoming In-Stream Flow Committee,* Wyo., 651 P.2d 778 (1982).

---

**2.** Section 7-13-907, W.S.:

"When any person is sentenced to death, the execution shall take place within the walls of the state penitentiary, as hereinafter provided, before the hour of sunrise upon the day appointed therefor, which date shall not be less than thirty (30) days after the date of the sentence. The warden of the state penitentiary, or, in case of his death, disability or absence, his deputy, shall be the executioner."

**3.** As he views this appeal, the appellant frames the issues in the following language:

"1. Whether Rule 36 of the Wyoming Rules of Criminal Procedure is available to those under sentence of death.

"2. Whether Rule 56 W.R.Cr.P. in conjunction with Rules 33 and 36 W.R.Cr.P. control over the conflicting statutory provisions in 6-2-102 W.S.1977 June Replacement under both the Wyoming and United States Constitutions.

"3. Whether the May 23, 1985 Judgment and Sentence is void because it fails to comply with the notice requirement set forth in § 7-13-907, W.S.1977.

"4. Whether the denial of Appellant's request for a stay was in error.

"5. Judge Ranck has demonstrated sufficient bias and prejudice to require his removal from this case."

We will cover these points under the issues as we see them.

■ Under the facts, circumstances and law of this case, Rule 36, supra note 1, as a court rule, cannot override the legislature's direction. In *Hopkinson II*, 664 P.2d at 50–57, this Court considered an issue raised by appellant that Wyoming's statutory death penalty provisions were unconstitutional in that they usurped the supervisory and rulemaking power of the Wyoming Supreme Court. We there held that punishment for crime is within the exclusive jurisdiction of the legislature. We also traced the history of the rulemaking power of the Wyoming Supreme Court and concluded that we cannot change the jurisdiction of the courts. We went on to hold that the jury system of determining whether the penalty for first-degree murder shall be death or life imprisonment is something more than procedure and is substantive law with which we cannot interfere. It is an integral part of the total constitutionally approved sentencing structure prescribed by the Wyoming state legislature, in compliance with guidelines established by the Supreme Court of the United States. See also *Osborn v. State*, Wyo., 672 P.2d 777 (1983), cert. denied — U.S. —, 104 S.Ct. 1331, 79 L.Ed.2d 726 (1984).

■ This Court held in *Hopkinson I*, 632 P.2d at 153, that "the [district] judge has no ability to overrule the jury's determination, short of finding, as a matter of law, the evidence insufficient to support the jury's conclusion." See also page 155. At page 156, it was noted that *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), approved a similar sentencing procedure which provided the trial judge was bound by the jury's recommended sentence. The trial judge and this Court have never found the evidence insufficient, as a matter of law, to support the jury's verdict recommending the death sentence. To the contrary, both have consistently found the evidence sufficient.

The Supreme Court of New Mexico has held that under a statute providing that where a recommendation of death is made by a jury the court shall sentence the defendant to death, the trial court cannot later modify it under a rule providing for sentence reduction similar in pertinent respects to Rule 36, supra note 1. *State v. Guzman*, 102 N.M. 558, 698 P.2d 428 (1985).

■ We agree with the district judge and conclude and hold that a district judge has no jurisdiction to reduce a death sentence under Rule 36, W.R.Cr.P., adopted by this Court, because to do so would be in direct conflict with the legislative mandate, under the facts and background of the case now before us. We do not deny the district court's authority to set aside an illegal or illegally imposed death sentence within the terms of Rule 36, supra note 1, but that is not the case here.

■ By § 6–2–103(e), W.S., the legislature directed that:

"(e) The [supreme] court shall include in its decision a reference to those similar cases which it took into consideration. In addition to its authority regarding correction of errors, the court, with regard to review of death sentences, may:

"(i) Affirm the sentence of death;

"(ii) Set the sentence aside and impose a sentence of life imprisonment; or

"(iii) Set the sentence aside and remand the case for resentencing by the trial judge based on the record and argument of counsel."

It is thus clear that even though a district court does not have authority to do so, this Court may, under the provisions of subsection (e)(ii) above, set aside the death sentence and impose life imprisonment, but we have never discovered any justification in any of the *Hopkinson* cases for doing so, nor do we now.

■ The whole of appellant's appeal in *Hopkinson II*, supra, was devoted to seeking a reduction of the sentence to life imprisonment, and included the very ground urged upon us here; i.e., that since the unknown killers have not been prosecuted or found, appellant cannot be connected to the crime of killing Jeff Green and that since he had no part in the manner Jeff

Green was murdered, the jury improperly found an aggravating circumstance.[4] We were then unable to find any ground for reducing the sentence from death to life imprisonment. Through a subsequent round of appeals involving a motion for new trial and petition seeking post-conviction relief, *Hopkinson III* and *Hopkinson IV*, supra, respectively, in which most of appellant's original arguments and positions were consistently revived and repetitiously presented, we repeatedly found a lack of reason in fact or law to set aside the convictions for murder of the Vehar family and death penalty as to the murder of Jeff Green. We repeatedly mandated that the district judge only fix new execution dates. The sentence of death has remained intact from its inception, *Hopkinson II* through *IV*, supra. Appellant does not now present any new, supported argument to justify this Court's reducing the sentence to life imprisonment, and the district court had no jurisdiction to reduce it.

## II

■ The death sentence as to Jeff Green recommended by the jury at the new trial, *Hopkinson II*, has at no time been vacated for even a moment, for any reason. While we find the trial judge labeling his orders fixing new execution dates a "sentence," their only content and purpose were to establish a new date for execution which had been repeatedly stayed to allow appellant to pursue his various remedies, all of which we have carefully considered, as we do his present appeal. Setting a new date of execution is not a "sentence."

On motion before this Court, appellant argued that the new date of execution was invalid because the trial court fixed a date of execution less than 30 days from the entry of the order and thus failed to comply with § 7-13-907, W.S., which provides that the date of execution "shall not be less than thirty (30) days after the date of the sentence." The question is not properly

before us because no appeal was taken from this order. Furthermore, having granted a stay pursuant to Rule 2.11.1, W.R.A.P., we consider the question moot. We will nonetheless answer the question because it is important and may arise again, not only in this case, but in other death cases, if left unresolved. *State Department of Revenue and Taxation, Motor Vehicle Division v. Andrews*, Wyo., 671 P.2d 1239 (1983); *State v. Selig*, Wyo., 635 P.2d 786 (1981); *Morad v. Wyoming Highway Department*, 66 Wyo. 12, 203 P.2d 954 (1949).

The 30-day period between the date of sentence and date of execution required by § 7-13-907, supra note 2, runs from the date the order is entered by the clerk of court and not from the date of its announcement in open court. It has long been the practice and procedure in other criminal and civil matters to use the date of entry as the triggering event for subsequent action. See, e.g., Rule 2.01, W.R.A.P.; Rule 36, W.R.Cr.P.; Rules 58 and 59, W.R.C.P.; *Department of Revenue and Taxation v. Irvine*, Wyo., 589 P.2d 1295 (1979), and cases there cited. We find no reason why it should be otherwise in a death penalty case. This Court itself has as a matter of practice long adhered to this reading of § 7-13-907, even though not referred to explicitly in the Court's opinions. *Pixley v. State*, infra (decided October 19, 1965; execution set for December 10, 1965); *State v. Brown*, infra (decided September 26, 1944; execution set for November 17, 1944); and *Horn v. State*, infra (decided September 30, 1903; execution set for November 20, 1903).

■ In the interest of uniformity and as a date upon which lawyers and courts have come to rely, absent some more important justification for a variance, we find that § 7-13-907 as a matter of policy and practice requires 30 days between the entry of the district court order and the date

---

4. The murder was especially heinous or cruel, an aggravating circumstance listed in § 6-2-102(h)(vii), W.S.

of execution. The rule here announced applies to the district court regardless of whether the date of execution is set after trial, during a full-blown sentencing hearing at which the defendant is present, or after a stay following an affirmance on appeal, by the simple entry of an order. A temporary stay to consider a motion or application for stay is not a stay within the foregoing rule at which time the temporary stay may be for only a few days. To hold otherwise would encourage abuse of the stay privilege. It is realized that other abuses such as, but not limited to, repeated filings at the district court level to raise questions already settled by this Court may be attempted in order to activate repeated stays; such matters should and will be considered with close scrutiny to determine whether there is an abuse of process to frustrate the holdings and orders of this Court. The 30-day rule should not be considered automatic under all circumstances.

This Court, on June 12, 1985, set the date of execution for 15 days after the mandate in this case shall issue. The appellant will have had well over 30 days' notice and within the 30-day policy established by § 7-13-907, supra note 2, and precedent. If we were to calculate the date to be 30 days after the sentence was handed down in *Hopkinson II*, on June 9, 1982, over three years have elapsed and the execution could be set within a day or some time far less than 30 days. In the interest of consistency, however, this Court will follow the same policy established for the district court and the 15-day order will be modified with the mandate to fix the date 30 days thereafter.

 Appellant asserts that Rule 56, W.R.Cr.P., in conjunction with Rules 33 and 36, W.R.Cr.P., conflicts with § 6-2-102, W.S., and should take precedence. Rule 56 lists various statutes superseded by the Wyoming Rules of Criminal Procedure. Criminal procedure had previously been by statute. Rule 56 also provides that "all * * * laws in conflict with these rules shall be of no *further* * * * effect." (Emphasis added.) This generally refers to laws in effect on the effective date of the criminal rules. This Court has held that the basic authority of this Court to make rules rests in the Wyoming Constitution. *White v. Fisher*, Wyo., 689 P.2d 102 (1984). This does not alter the authority of the legislature to act in substantive matters within their sphere as we have explained. *White v. Fisher* is not in conflict with our holding here.

 Rule 33, to the extent pertinent as argued by appellant, provides for the right of one found guilty of a criminal offense to, before the court imposes sentence, speak personally on his own behalf or through counsel or both and the right to present any information in mitigation of punishment. It is also at this time the court advises the defendant of his right to appeal. All this was done at the time appellant was sentenced in *Hopkinson I*, supra, and following the new trial of the sentencing phase in *Hopkinson II*. The trial court should not permit Rule 33 allocution each time a new execution date is set. In this case, the trial judge went beyond what was required, but his caution should not be faulted. Fixing the execution date is not an opening wedge for an unlimited filing of motions.

Once the verdict of death is returned by the jury, it then becomes only an administrative function to follow the special statutory procedures necessary to arrange the first date of execution following the verdict. When this Court subsequently mandates the fixing of a new date by the district court, a full-blown sentencing ritual is not required. The duties which the trial judge, the clerk of court, and the warden must perform are ministerial. The necessary judicial duties in fixing a new date of execution can be done by a simple order made in chambers by the trial judge when so directed by this Court following an appeal or original proceeding. Fixing of an execution date can be favorably compared to the mittimus issued by a trial court to the sheriff and warden of the penitentiary to carry out a sentence and judgment in felony cases that are not death cases. We find nothing in the statutory structure of the procedures leading to the execution that accords the defendant a right to be

present at the time the court fixes a date of execution or that affords the appellant the right to again, personally and through counsel, address the court in mitigation. Mitigation was considered by the jury at the sentencing trial before it returned its verdict. Section 6–2–102(d)(i), W.S.[5] We repeat that fixing a new date for execution is not a "sentence" within Rule 36, W.R. Cr.P., supra note 1, or "sentenc[ing]" within § 7–13–907, supra note 2. We find that the procedures outlined in Rule 33, W.R. Cr.P., do not extend to the mere fixing of an execution date after a stay.

Of course, when the defendant is sentenced following rendition of the jury verdict recommending the death sentence, it is appropriate to announce the date of the execution in open court and in the presence of the defendant. When the sentence and judgment is entered following that occasion, the clerk of court's warrant fixes the date. Section 7–13–908, W.S.[6]

## III

 We have considered whether this Court should fix the new date of execution following affirmance on appeal. We find very little explanatory guidance beyond §§ 7–13–914 and 7–13–915, W.S.[7] which deals with the subject and cases in which this Court has fixed a date of execution. It appears that no new warrant of execution is necessary when a date of execution is "suspended or respited to another day" but that the new date only need be "noted on the warrant." Only one warrant is required. It is only essential to repeat the sentencing procedure and issue a new warrant when there is a reversal, a new trial, or a new sentencing phase as there was

---

5. Section 6–2–102(d)(i), W.S.:
"(i) After hearing all the evidence, the jury shall deliberate and render a recommendation of sentence to the judge, based upon the following:
"(A) Whether one (1) or more sufficient aggravating circumstances exist as set forth in subsection (h) of this section; .
"(B) Whether sufficient mitigating circumstances exist as set forth in subsection (j) of this section which outweigh the aggravating circumstances found to exist; and
"(C) Based upon these considerations, whether the defendant should be sentenced to death or life imprisonment."

6. Section 7–13–908, W.S.:
"Whenever any person is sentenced to death, the clerk of the district court in which sentence is pronounced, at the expiration of one (1) week thereafter, shall issue his warrant, under the seal of the court, reciting the conviction and sentence, and directed to the warden of the state penitentiary, commanding him to proceed at the time named in the sentence to carry the same into execution, and shall intrust such warrant to the sheriff of the county to be by him delivered to the said warden, together with the condemned person, as provided in the following section [§ 7–13–909]."

7. Section 7–13–914, W.S.:
"When the execution of the sentence is suspended or respited to another day, the same shall be noted on the warrant, and on the arrival of such day the warden shall proceed with the execution; and in case of the death of the prisoner before the time for his execution arrives, or in case of his pardon, or the commutation of his sentence, by the governor, or the reversal of the judgment of conviction, no execution shall be had, but in all such cases, as well as when the sentence is executed, the warden shall return the warrant and certificate, with his proceedings properly endorsed thereon, to the clerk of the court in which the prisoner was convicted and sentenced, who shall record said warrant and return in the record of the cause."
Section 7–13–915, W.S.:
"Whenever the execution of the sentence shall be suspended to permit the commencement of proceedings in error, or other proceedings authorized by law, for the review of the judgment of conviction and sentence, or, pending any such proceedings, the prisoner shall nevertheless be transported to the state penitentiary as in this act [§§ 7–13–907 through 7–13–921] provided, and shall remain confined therein during such suspension; and if such suspension be ordered before the delivery of the prisoner at the penitentiary, the warrant shall recite the fact of such suspension. In case a new trial shall thereafter be granted the prisoner, the clerk of the court granting the same shall certify the fact to the warden of the penitentiary and the sheriff of the county wherein the prisoner was convicted and sentenced, and thereupon the said sheriff shall proceed to the state penitentiary and receive the prisoner and conduct him to the jail of his county, and confine him therein until the further orders of the proper court; and the warden shall deliver such prisoner, in such case, to the said sheriff, taking his receipt therefor, to be so conducted to the jail of the county. Should the prisoner be again convicted and sentenced to death, the same procedure shall be had as hereinbefore provided."

here and the prisoner is again sentenced to death. These sections, however, do not prescribe who will set the new date of execution.

Nor does the language of § 7–13–907, supra note 2, specify who shall set the date of execution. Sections 7–13–903 and 7–13–918, W.S., authorize the governor to appoint an execution date in certain circumstances. Section 6–2–103(e)(iii), W.S., only authorizes this Court to set a sentence aside and remand for resentencing, but we have not set aside the death sentence in this case other than in *Hopkinson I*, supra. We think it is clear that the open-ended language of § 7–13–907, concerning the appointment of a date of execution, contemplates that this Court may do so. Although in the previous *Hopkinson* cases and in *Osborn v. State* this Court remanded with instructions to the district court to fix a new date of execution, we need not do so. In *Pixley v. State*, Wyo., 406 P.2d 662 (1965); *State v. Brown*, 60 Wyo. 379, 151 P.2d 950 (1944); and *Horn v. State*, 12 Wyo. 80, 73 P. 705 (1903), this Court there fixed new execution dates without discussion. In this case we have already set a new date of execution; i.e., "fifteen days after the mandate shall issue [in this appeal] to the court below." In order to avoid some inherent delays in directing the trial judge to fix a date of execution, we will not in this instance remand to the district court to fix a new execution date but will modify our previous 15-day order to 30 days after entry of our mandate. (We do not foreclose this Court remanding to the district court to fix a new execution date if it becomes appropriate in this case or any future case.) We take such action also, in light of our order staying execution to a calculable definite date and appellant's petition for certiorari, now docketed and pending in the Supreme Court of the United States asking for that Court's review of *Hopkinson IV*, supra. When such petition for certiorari is disposed of, this Court may make such further order as may then appear to be necessary and appropriate, if it still retains jurisdiction. It may then also provide for the district court fixing a new execution date if it appears desirable to do so.

**IV**

The issue of a stay of execution by the district court is now moot. The appellant has his stay. When the judgment or order rendered in the district court cannot be carried into effect, the cause is moot and will not be considered on appeal. *Gulf Oil Corporation v. Wyoming Oil and Gas Conservation Commission*, Wyo., 693 P.2d 227 (1985); *State Department of Revenue and Taxation v. Guadagnoli*, Wyo., 677 P.2d 823 (1984); *State Department of Revenue and Taxation, Motor Vehicle Division v. Andrews*, supra; *Belondon v. State ex rel. Leimback*, Wyo., 379 P.2d 828 (1963).

**V**

Appellant raised the issue of the trial court's bias and prejudice in *Hopkinson III*, 679 P.2d at 1030–1032. Appellant failed there to furnish adequate support to justify removal. Likewise, in the case at bar appellant furnishes no adequate ground for removal in accordance with the standards and procedures established in *Hopkinson III*. In the current proceedings leading to this appeal, the trial judge accorded the appellant more than what was required by permitting an appearance and hearing counsel in connection with fixing a new execution date.

We affirm the denial of sentence reduction, stay execution pending disposition of appellant's petition for certiorari in the United States Supreme Court, and, depending upon what may be necessary and appropriate at that time, may make such further orders as long as we retain jurisdiction.[8]

---

8. As before stated, we do not at this time consider vacating this Court's Order Staying Execution dated June 12, 1985, staying execution until 15 days after the mandate shall issue to the district court, of which appellant and the warden of the Wyoming state penitentiary have copies, but by our mandate will modify the order to 30 days thereafter instead of 15 days. The exact date can be calculated by excluding the date of the mandate and including the 30th day thereafter.