Mark A. HOPKINSON, Appellant,

v.

The STATE of Wyoming, Appellee.

No. 85–229.

Supreme Court of Wyoming.

Nov. 5, 1985.

Before THOMAS, C.J., ROSE and CAR-DINE, JJ., RAPER, J., Retired, and JOHNSON, D.J.

ORDER OF AFFIRMANCE

BY THE COURT.

After careful review of the record in the above-entitled appeal, upon its own motion, suggested by the State's Motion to Dismiss Appeal filed herein, the Court finds that:

1. After this Court's decision and mandate in *State ex rel. Hopkinson v. District Court*, Teton County, Wyo., 696 P.2d 54 (1985), cert. denied —— U.S. ——, 106 S.Ct.

187, 88 L.Ed.2d 155 (1985) [*Hopkinson IV*], the appellant herein on August 23, 1985, filed with the District Court, County of Uinta, State of Wyoming, a request for grand jury proceedings entitled "In re: Grand Jury Proceedings Mark A. Hopkinson Presided over by the Honorable Kenneth G. Hamm, Judge, Third Judicial District." Such request is in substance identical to that considered by this Court in Hopkinson IV in connection with appellant's Consolidated Petition for Post-Conviction Relief and Writ of Habeas Corpus filed in the District Court for Teton County, presided over by the Honorable Robert B. Ranck, the trial judge in *Hopkinson v. State*, Wyo., 632 P.2d 79 (1981), cert. denied 455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463 (1982) [*Hopkinson I*]; *Hopkinson v. State*, Wyo., 664 P.2d 43, cert. denied 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983) [*Hopkinson II*]; *Hopkinson v. State*, Wyo., 679 P.2d 1008, cert. denied —— U.S. ——, 105 S.Ct. 228, 83 L.Ed.2d 157 (1984) [*Hopkinson III*]; and *Hopkinson v. State*, Wyo., 704 P.2d 1323 (1985) [*Hopkinson V*], as well. In *Hopkinson IV*, this Court affirmed Judge Ranck's denial of post-conviction relief and appellant's request for grand jury proceedings.

2. It is alleged in appellant's request for grand jury proceedings before Judge Hamm that the request was filed simultaneously to a petition for writ of habeas corpus filed in the District Court for Carbon County, Wyoming, a copy of which was attached to the request for grand jury proceedings. The petition for writ of habeas corpus was denied by the Honorable Arthur T. Hanscum, one of the district judges for Carbon County. Subsequently a like petition for writ of habeas corpus was filed in this Court on October 11, 1985. We denied the petition on October 25, 1985, *Hopkinson v. State*, Wyo., 708 P.2d 46 (1985) [*Hopkinson VI*], on the ground that all questions presented, with the exception of one, were res judicata, having been previously decided in *Hopkinson I, II, III and IV*, supra. We decided the one question not previously before this Court against appellant.

3. District Judge Hamm, in denying the request for grand jury proceedings, handed down a written opinion by which he decided that Judge Robert B. Ranck, as the presiding judge in the Hopkinson trial and all subsequent proceedings, had detailed knowledge of the facts. Judge Hamm also noted that Judge Ranck had already denied such disclosure, which had been sustained by this Court. Hopkinson IV, supra. In support of his position, Judge Hamm cited at length from *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed. 156 (1979). We consider it most appropriate to also note from the Douglas case where it was found that a United States district judge had abused his discretion in releasing grand jury minutes, in that though he was largely ignorant of the proceedings taking place in another United States District Court, he nevertheless acted upon unsupported assertions by counsel in oral argument and other inadequate information. Douglas pointed out that the better practice is to refer the matter for evaluation by the judge having special knowledge of the status of the case. We agree and emphasized in *Hopkinson IV,* supra, that the trial judge of the convicting court is in a better position to decide questions raised in post-conviction proceedings. We mention in passing that in both the Uinta and Carbon County proceedings, appellant moved to disqualify Judge Ranck, the judge having the most intimate knowledge of all Hopkinson trials and proceedings.

4. Since we have denied appellant's petition for writ of habeas corpus to which the request for grand jury proceeding was ancillary, there is no pending proceeding and there is no occasion to further consider acting on appellant's request seeking discovery of grand jury proceedings. In *Hopkinson IV,* 696 P.2d at 72, we applied the principle set out in Rule 26(b)(1), W.R.C.P., that before discovery can be initiated, there must be a "pending proceeding." The question is res judicata.

5. This is an appropriate case for the Court to sua sponte affirm the district court in that it is manifest that the ques-

tions on which the decision of the cause depends are so unsubstantial as not to need further argument.

IT IS ORDERED that the district court be and is affirmed; and

FURTHER ORDERED that this order be published in Pacific Reporter Second and for convenience be referred to as Hopkinson VII for any future use.