Wyoming Public Defender Program, Leonard D. Munker, State Public Defender, Julie D. Naylor, Appellate Counsel, Cheyenne, for appellant (defendant).

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., Michael Reddig, Legal Intern, Cheyenne, for appellee (plaintiff).

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Justice.

Appellant Joe Saldana was convicted by a Park County jury of interference with a police officer, a crime proscribed by § 6-5-204(a), W.S.1977 (June 1983 Replacement). He was sentenced to one year in the county jail.

The single issue on appeal is:

"Whether the district court abused its discretion by sentencing Appellant to a maximum term of one year in the county jail."

We will affirm.

Cody police officers observed a vehicle slowly weaving from one lane of the road to another. After following for a short distance the police officers stopped the vehicle to check the driver for drunkenness. They asked the driver, Mrs. Saldana, appellant's wife, to perform field sobriety tests. She agreed to do this despite remonstrations by her passenger husband, the appellant.

In addressing the officers appellant continually spewed a litany of vile expletives. One of the milder tirades addressed to the officers was, "I've got a gun and I'm going to blow your goddamn head off."

Appellant got out of the Saldana vehicle and counseled his wife not to do anything she was asked to do. Appellant's conduct interrupted the four sobriety tests at least a dozen times.

After the tests were concluded Officer Childs advised Mrs. Saldana that she was under arrest for driving under the influence of alcohol. At this juncture appellant, exhibiting violence, approached Officer Childs. He was physically restrained and forced against the Saldana vehicle. Appellant fought the police as he was being handcuffed. He was placed under arrest and deposited in the back seat of the patrol car. Enroute to the police station appellant tried to kick Officer Childs in the back of the head. When the officers removed appellant from the patrol car at the police station he kicked Officer Childs in the groin area. When placed in a cell he told Childs that he knew where he lived and that he would blow him up.

After conviction and receipt of a presentence investigation report, the court sentenced appellant to serve one year in the county jail, such sentence being the maximum provided by the statute.

We frequently have addressed abuse of discretion in sentencing. *Martin v. State*, Wyo., 720 P.2d 894 (1986); *Ventling v. State*, Wyo., 676 P.2d 573 (1984); *Scheikofsky v. State*, Wyo., 636 P.2d 1107 (1981). Abuse of discretion is defined in Black's Law Dictionary 10 (5th ed. 1979), as " * * * any unreasonable, unconscionable and arbitrary action taken without proper consideration of facts and law pertaining to matter submitted. [Citation.]"

We recently said it would be an abuse of discretion if a trial court acted in "a manner which exceeds the bounds of reason under the circumstances," and indicated that "the ultimate issue is whether or not the court could reasonably conclude as it did." *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980), quoted with approval in *Ventling v. State*, supra, at 575.

In *Scheikofsky v. State*, supra, at 1112-1113, we said:

"This court has stated its approach to sentence review many times. If a trial court's determination of the terms of imprisonment is within the statutory limits, it will not be disturbed absent a clear abuse of discretion. *Hanson v. State*, Wyo., 590 P.2d 832, 835 (1979); *Jones v. State*, Wyo., 602 P.2d 378, 380 (1979); *Smith v. State*, Wyo., 564 P.2d 1194,

1201 (1977); *Daellenbach v. State*, [Wyo., 562 P.2d 679 (1977)], at 683. A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, and circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play. *Hicklin v. State*, Wyo., 535 P.2d 743, 751, 79 A.L.R.3d 1050 (1975). That is a nebulous standard, but it is as precise as we care to make it. We have an abiding reluctance to review a trial judge's determination of sentence. The determination is a burdensome decision which no trial judge could lightly make and which we will not lightly overturn."

In *Byerly v. Madsen*, 41 Wash.App. 495, 704 P.2d 1236, 1238–1239 (1985), quoting from *State ex rel. Carroll v. Junker*, 79 Wash.2d 12, 482 P.2d 775 (1971), the Washington court said:

"'Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. Where the decision or order of the trial court is a matter of discretion, it will not be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'"

In *Martin v. State*, supra, we quoted with approval *Byerly v. Madsen*.

The presentence investigation report revealed that appellant had been arrested fourteen times. Many of the offenses involved violent behavior, and one was interference with a police officer.

In interfering with the police officers appellant assaulted and attempted to assault the arresting officers; he threatened the lives and homes of these officers; and he had a history of violent reaction to authority. Probation was considered by the court and rejected. A lesser sentence had been imposed earlier for interference with a police officer.[1] Considering the aggravating circumstances of this case, the trial court reasonably decided upon a sentence of a year in jail.

In the judicial sentencing information form the trial court considered five purposes in imposing sentence. The two purposes given the greatest weight by the court were:

"There is undue risk that if a lesser sentence were imposed, the offender would continue to commit criminal offenses.

"The offender continues to commit crimes, even though other less restrictive sanctions have been frequently or recently applied."

Clearly the sentence imposed by the court did not exceed the bounds of reason, nor is there the slightest indication that the court acted in an unreasonable, unconscionable or arbitrary manner. The circumstances surrounding the incident resulting in appellant's arrest abundantly justify the sentence imposed.

Affirmed.

THOMAS, Chief Justice, concurring.

I concur in the affirmance of the judgment and sentence in this case. I maintain my position that this court should not review on appeal a sentence entered by a district judge so long as the sentence is a lawful one, i.e., within the statutory limits established by the legislature. *Wright v. State*, Wyo., 670 P.2d 1090 (1983), *reh. denied* 707 P.2d 153 (1985), Thomas, J., specially concurring.

1. See, *Saldana v. State*, Wyo., 685 P.2d 20 (1984).