John H. STORY, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 87–243.

Supreme Court of Wyoming.

May 23, 1988.

John H. Story, pro se.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., and Sylvia Lee Hackl, Sr. Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

This is a pro se appeal from the denial of a motion for a new trial based on newly discovered evidence. The district court denied the motion on procedural grounds without reaching its substantive merits. We determine that the procedural rules relied upon were erroneously construed, and we reverse.

Appellant states the issues as being:

"I. The district court committed reversible error when reasoning the court was not asked to set the motion for hearing, and when stating the court did not receive such a request.

"II. The court below erred when it decided Rule 34 and W.S. 7–12–301(d) require a motion for new trial, based on newly discovered evidence, must be determined and an order entered within ten days."

In April 1985, appellant John H. Story, a physician, was convicted on six separate charges of sexual assault of his patients. In June 1985, he was sentenced to three terms of 12 to 15 years, two terms of 15 to 20 years, and one term of 10 to 15 years, with the sentences to run concurrently. Five of the six convictions were affirmed by this court in June 1986. See *Story v. State*, Wyo., 721 P.2d 1020 (1986).

One of appellant's convictions was for assault and battery with intent to commit rape of WH in violation of § 6–64, W.S. 1957. Appellant's trial defense to this charge was that he had not sexually assaulted WH, but rather merely had placed in her an intra-uterine device (IUD). At appellant's trial, evidence was presented concerning a thorough search of appellant's office on the date of his arrest. The police officers who conducted the search testified that medical records for certain of the victims, including WH, were missing from appellant's office. Subsequently, appellant, testifying in his own behalf, stated he had no idea where the missing charts were on the night of the search and that the safeguarding of medical records was delegated to others. During his testimony, nevertheless, the medical records for WH were produced. Appellant testified that

"[t]he people I employ found it in the office."

WH's medical records, as produced at trial, indicated that on the date of the charged assault upon WH, appellant had examined her and had inserted an IUD. Appellant testified to the same effect. WH, however, when called as a rebuttal witness, testified that appellant did not insert an IUD in her on that date, or on any other occasion. Appellant was convicted on the charge involving WH, and the conviction was affirmed by this court.

On June 18, 1987, appellant, through counsel, filed a motion for new trial based upon newly discovered evidence which allegedly demonstrated that WH had lied in testifying that appellant had not inserted in her an IUD. The motion was accompanied by an affidavit of a sister-in-law to WH who stated that the affiant knew from her own knowledge and contemporaneous discussions with WH that appellant had inserted an IUD in WH. The affiant further stated that she had not informed appellant or his counsel of the alleged false testimony at the time of trial. The motion asserted that the newly discovered evidence was crucial and would have changed the outcome of the trial as to all counts for which appellant was convicted.

On June 30, 1987, the affiant wrote a letter directly to the district court. The letter indicated that she had been rushed into signing the affidavit and had not anticipated the adverse reactions of people close to her. The affiant expressed concern that the information she provided may have been insufficient to do any good, and she acknowledged that it may just be her word against that of WH.

By order dated September 1, 1987, the district court denied appellant's motion, finding specifically that:

"1. That Defendant's Motion for New Trial was filed on June 18, 1987.

"2. Pursuant to Rule 34 of the Wyoming Rules of Criminal Procedure and W.S. 7–12–301(d), such a motion must be determined and an order entered within ten (10) days after the motion is filed and if not so entered such motion is deemed denied unless within the ten (10) days the determination shall be continued by order of the Court.

"3. The Court finds that such motion was not determined and an order entered within the ten (10) days provided in the above rule and statute nor was the determination of such motion continued by order of the Court.

"4. The Court was not asked to set such motion for hearing during the ten (10) day period from and after June 18, 1987, nor has the Court received any request to set such motion."

■ Appellant first contends that the district court erred in denying his motion for a new trial upon a finding that appellant had not requested a hearing on the motion within ten days of its filing. We agree. Motions for a new trial are controlled by Rule 34, W.R.Cr.P.[1] Rule 34, W.R.Cr.P. provides:

"The court on motion of defendant may grant a new trial to him if required in the interests of justice. If trial was by the court without a jury, the court on motion of a defendant for new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for new trial based on the ground of newly discovered evidence may be made only before or within two (2) years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within ten (10) days after verdict or finding of guilty or within such further time as the court may fix during the ten-day period. The motion shall be determined and an order entered within ten (10) days after

---

1. The parties also refer to § 7–12–301, W.S.1977, which is virtually identical to Rule 34, W.R.Cr.P. Pursuant to Rule 56, W.R.Cr.P., § 7–12–301 is superseded by Rule 34. For a discussion of the interplay between the Rules of Criminal Procedure and the older Code of Criminal Procedure, see *Hopkinson v. State,* Wyo., 664 P.2d 43 (1983) (Hopkinson II) and *Hopkinson v. State,* Wyo., 704 P.2d 1323 (1985) (Hopkinson V).

such motion is filed and if not so entered it shall be deemed denied, unless within such ten (10) days the determination shall be continued by order of the court, but a continuance shall not extend the time to a day more than 30 days from the date the verdict or the finding of guilty is returned."

The rule has no provision requiring a defendant to request a hearing. Moreover, we have stated that a motion for a new trial does not require a hearing, that such a motion "may be disposed of without a hearing and it is within the sound discretion of the district judge to do so." *Hopkinson v. State*, Wyo., 679 P.2d 1008, 1022, cert. denied 469 U.S. 873, 105 S.Ct. 228, 83 L.Ed.2d 157 (1984) (Hopkinson III). In addition, we observe that appellant's motion, as prepared by counsel, expressly requested a hearing. The final sentence in the motion stated: "Defendant requests the Court set this matter for an evidentiary hearing." To the extent, therefore, that the district court relied on appellant's perceived failure to request a hearing as a ground for denying his motion for a new trial, the district court was in error.

Appellant next asserts that the district court was in error in finding that his motion for a new trial based on newly discovered evidence was deemed denied by operation of Rule 34, W.R.Cr.P. Although we find that, on this question, Rule 34 is ambiguous, we agree with appellant's contention.

To resolve this question, we must look to the language in the rule. We initially observe that Rule 34 is a court rule adopted by this court under the authority provided by §§ 5-2-114, 5-2-115, W.S.1977, and Art. 5, § 2, Wyoming Constitution. We have recognized "that the courts have inherent rights to prescribe rules, being limited only by their reasonableness and conformity to constitutional and legislative enactments." *State ex rel. Frederick v. District Court of Fifth Judicial District In and For County of Big Horn*, Wyo., 399 P.2d 583, 584 n. 1, 12 A.L.R.3d 1 (1965). Thus, we have said that a rule adopted by this court "has the force and effect of a statute * * * and is to be construed in the same manner as a statute." *Lapp v. City of Worland*, Wyo., 612 P.2d 868, 874 (1980). When a rule is ambiguous, we must resort to rules of construction. Id. We observed in *Lapp*, in a statement pertinent to the instant case: "It is unfortunate that the rule adopted by this court * * * is ambiguous, for which this court must assume responsibility." Id. at 874.

Our rules of statutory interpretation and construction, as here applicable to a court rule, are well established. In interpreting statutes, if the statutory language is clear and unambiguous, we must abide by the plain meaning of the statute. *Adobe Oil & Gas Corporation v. Getter Trucking, Inc.*, Wyo., 676 P.2d 560 (1984). If a statute is ambiguous, however, we will resort to general principles of statutory construction in the effort to ascertain legislative intent. *State v. Sodergren*, Wyo., 686 P.2d 521 (1984). A statute which is uncertain and susceptible of more than one meaning is ambiguous. *McArtor v. State*, Wyo., 699 P.2d 288 (1985). In addition, we have said that "[s]tatutes should be given a reasonable, practical construction." *State Board of Equalization v. Cheyenne Newspapers, Inc.*, Wyo., 611 P.2d 805, 809 (1980). Further, "all portions of an act must be read in pari materia, and every word, clause and sentence of it must be considered so that no part will be inoperative or superfluous," *Hamlin v. Transcon Lines*, Wyo., 701 P.2d 1139, 1142 (1985), and a statute should not be construed to render any portion of it meaningless, *Reliance Ins. Co. v. Chevron U.S.A. Inc.*, Wyo., 713 P.2d 766 (1986), or in a manner producing absurd results, *State v. Sodergren*, supra. Also, ambiguity in a criminal statute should be resolved in favor of lenity. *Capwell v. State*, Wyo., 686 P.2d 1148 (1984).

Applying the foregoing rules to Rule 34, we are convinced the "deemed denied" provision is inapplicable to motions for new trial based on newly discovered evidence. The third sentence of Rule 34 provides that a motion for a new trial, based on newly discovered evidence, may

be made within two years of final judgment. The next sentence states that a motion on any other ground must be made within ten days of verdict or finding of guilty or within any further time fixed by the court within the initial ten-day period. The final sentence of Rule 34 is critical here. It provides that if the motion is not determined and an order entered within ten days after filing of the motion, it is deemed denied unless continued by the court within the ten days, but that a continuance may not expand the time more than 30 days beyond the verdict or finding of guilt. This final provision of the rule refers to "[t]he motion" and would initially appear to apply to any motion for a new trial under the rule. An ambiguity is presented, however, because a motion for a new trial based upon newly discovered evidence may be made as long as two years after judgment and clearly cannot be required to be decided within 30 days of judgment as prescribed by the second clause of the final sentence of Rule 34. Application of the final sentence of Rule 34 to a motion based on newly discovered evidence would render the prior two-year provision meaningless. We conclude, therefore, that a reasonable construction of the last sentence of Rule 34 is that it is inapplicable to a motion for a new trial based on newly discovered evidence and that it applies only to those motions for new trial "based on any other grounds." Consequently, a motion based on newly discovered evidence is not deemed denied as a result of failure to be determined within ten days.[2] The district court was incorrect when it held that appellant's motion was deemed denied.

This court has consistently said that it is within the sound discretion of the trial court to grant or deny a new trial based upon newly discovered evidence, and the ruling of the trial court will not be reversed absent an affirmative showing of an abuse of discretion. *Gist v. State*, Wyo., 737 P.2d 336 (1987). A court abuses its discretion when it acts in a manner which exceeds the bounds of reason under the circumstances. *Keser v. State*, Wyo., 737 P.2d 756 (1987).

We have further stated that:

" 'Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. Where the decision or order of the trial court is a matter of discretion, it will not be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.' " *Saldana v. State*, Wyo., 728 P.2d 1121, 1123 (1986), quoting *State ex rel. Carroll v. Junker*, 79 Wash.2d 12, 482 P.2d 775 (1971).

In the instant case, appellant's motion was denied on untenable grounds and for untenable reasons, thereby denying appellant the opportunity for a decision on the merits of his motion. The denial of appellant's motion, under the circumstances, constituted an abuse of discretion.

Reversed and remanded for further proceedings consistent with this opinion.

URBIGKIT, J., filed a specially concurring opinion.

URBIGKIT, Justice, specially concurring.

I concur in both the opinion and decision, but write separately to express concern that what I call adjudication from ignorance will not occur upon remand. See *Cutbirth v. State*, Wyo., 751 P.2d 1257 (1988), Urbigkit, J., dissenting; *Kesser v. State*, Wyo., 737 P.2d 756, 760 (1987), Urbigkit, J., dissenting. Cf. *Frias v. State*, Wyo., 722 P.2d 135 (1986).

Not only do I find that a hearing is required, but a hearing with live testimony, where the facts will be established before the decision on a motion for new trial based on newly discovered evidence is made. As

---

**2.** Rule 33, F.R.Cr.P. is substantially identical to Rule 34 W.R.Cr.P. with the notable exception that it does not contain the final sentence found in Rule 34 W.R.Cr.P. Under the federal rule, therefore, motions for new trial are never deemed denied.

to the validity of the verdict count of assault and battery with intent to rape now presented in this proceeding, the principal prosecution witness either did or did not commit significant perjury at trial. The difficulty in determination by use of subpoenaed witnesses should not be unduly burdensome, and particularly so considering the significant liberty issue that is at stake. Due process and equal protection demand this at least. Furthermore, the invidious and insidious nature of perjury as a principal evil within the justice-delivery system commands an exemplary character of judicial attention.

The issue to be determined by the trial court in first analysis, where the testimony of W.H. effectuated the guilty verdict, will be whether there was perjury of the principal complaining witness. The second concern will be what test or principle should be applied if that substantive perjury is found. Nothing that has occurred since my writing in *Keser v. State*, supra, has diminished a deep-felt anguish about any possibilities of perjury-effectuated criminal conviction. A thoughtful and validated review is most recently provided in *State v. Lawrence*, 112 Idaho 149, 730 P.2d 1069 (1986), in recognition of the difference between trial perjury and post-trial newly discovered evidence. See *Larrison v. United States*, 24 F.2d 82 (7th Cir.1928).

As here presented, the materiality of the rebuttal testimony of W.H. as applied to the specific charge which she made cannot be in question: she was the prosecution's case. If it had been proven that she lied about the IUD, her effect to the listening jury as protagonist in conviction testimony could have been de minimis. Additionally, I submit that:

> "If any examination or cross-examination of the witness is to take place, it should be done in the court room." *Larrison v. United States*, supra, 24 F.2d at 89.

*Frias v. State*, supra; *United States v. Rodriguez*, 738 F.2d 13 (1st Cir.1984); *State v. Lawrence*, supra. Cf. *Cutbirth v. State*, supra and *Keser v. State*, supra. I specially concur to assert the moralistic criterion and legal standard that the

"whether or not" should first reasonably be determined before disposition by the trial court of the motion for new trial based on newly discovered evidence can properly be accomplished.