**UNITED STATES of America,**
**Plaintiff, Appellee,**

**v.**

**Jose Domingo Malavet RODRIGUEZ,**
**Defendant, Appellant.**

**No. 83–1445.**

United States Court of Appeals,
First Circuit.

Argued Feb. 7, 1984.

Decided June 26, 1984.

14

Joaquin Monserrate Matienzo, Hato Rey, P.R., for defendant, appellant.

Jorge E. Vega-Pacheco, Asst. U.S. Atty., with whom Daniel F. Lopez-Romo, U.S. Atty., Hato Rey, P.R., was on brief, for plaintiff, appellee.

Before CAMPBELL, Chief Judge, WISDOM,* Senior Circuit Judge, and BREYER, Circuit Judge.

WISDOM, Senior Circuit Judge.

Jose Domingo Malavet Rodriguez appeals his conviction on three counts of aiding and abetting four illegal aliens in making false statements with regard to their applications for United States passports in violation of sections 2 and 1542 of title 18 of the United States Code.[1]  He raises

---

* Of the Fifth Circuit, sitting by designation.

1.  18 U.S.C. § 1542 (1979) provides that
    Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws; or
    Whoever willfully and knowingly uses or attempts to use, or furnishes to another for use any passport the issue of which was se-

three issues on appeal. First, he contends that the district court erred in dismissing his challenge to the grand jury indictment on the ground that the motion was untimely. Second, he alleges that he was denied his due process right to an unbiased grand jury because of prejudicial statements made by a government witness. Finally, he maintains that the district court erred in refusing to grant a new trial on the ground of newly discovered evidence. We find no merit in these contentions. We affirm the judgment of the district court.

On the first day of trial after the jury had been impaneled, the defendant moved to dismiss the indictment for "gross misconduct" by a government witness before the grand jury. The challenged testimony was given by Edwin Rafael Rodriguez, the investigating officer assigned to the defendant's case by the United States Immigration Service. Rodriguez testified that another defendant told him that the defendant had "received information in Miami that Attorney Malavet processed hundreds of [illegal] passport cases," and that there was "a strong suspicion that ... drugs [were] involved". The prosecutor stopped this line of testimony and attempted to correct the error by instructing the jury:

"[P]lease disregard that last comment. You are to consider the case solely on the evidence that is presented to you. If there are any drugs involved—please take it out of your mind, disregard it completely."

cured in any way by reason of any false statement—
 Shall be fined not more than $2,000 or imprisoned not more than five years, or both. Section 2 provides for aider and abettor liability for federal offenses.
 (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
 (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.
 18 U.S.C. § 2 (1979).
2. Rule 12(b) of the Federal Rules of Criminal Procedure "serves the salutary purpose of pre-

Rodriguez also stated that Malavet "did not want to give a sworn statement" after being advised of his rights.

■ The district court denied Malavet's motion to dismiss the indictment based on this testimony. The court found that the motion was untimely under rule 12(b) of the Federal Rules of Criminal Procedure.[2] Rule 12(b) provides that

"Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. *The following must be raised prior to trial:*

. . . .

(1) *Defenses and objections based on defects in the indictment* or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings)."

Fed.R.Crim.P. 12(b) (emphasis added). Thus, Malavet's motion made on the first day of trial after the jury had been sworn was untimely. *See United States v. Hoffa,* 6th Cir.1965, 349 F.2d 20, *aff'd,* 1966, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374.

■ Objections that are not raised in a timely fashion are deemed to be waived, unless the court chooses to grant relief from the waiver provision based on a showing of good cause.[3] Fed.R.Crim.P. 12(f).

venting unnecessary trials and deterring the interruption of a trial on the merits for any objection relating to the institution and presentation of the charge." *Sewell v. United States,* 8th Cir.1969, 406 F.2d 1289, 1292.

3. Rule 12(f) of the Federal Rules of Criminal Procedure provides that
 "Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (c), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver."

Malavet concedes that his motion was not timely, but he contends that he satisfied the good cause requirement for relief from the waiver provision. His attorney did not receive the grand jury transcript until the day before trial, and did not read it until the day of trial. Malavet maintains that the delay in delivering the grand jury transcript to his attorney was good cause for the delay in entering the motion to dismiss. The trial judge found that this delay was not good cause for making the motion to dismiss after the jury was sworn.

Granting relief from the waiver provisions of rule 12(b) is within the sound discretion of the trial judge. *United States v. Harrelson*, 5th Cir.1983, 705 F.2d 733, 738; *United States v. Wertz*, 4th Cir. 1980, 625 F.2d 1128, 1132, *cert. denied*, 1980, 449 U.S. 904, 101 S.Ct. 278, 66 L.Ed.2d 136. The decision of the trial judge will be disturbed on appeal only for clear abuse of discretion. *Wertz*, 625 F.2d at 1132. We hold that the district judge did not abuse her discretion in denying the motion in this case.[4] The attorney had sufficient time to review the transcript, which was only thirty-eight pages in length.

Malavet next contends that Rodriguez's testimony required dismissal of the indictment, because it constituted government misconduct that prejudiced his right to an unbiased grand jury.[5] Even if we should assume that Rodriguez's testimony was "misconduct", we find that it did not warrant dismissal of the indictment in this case.

The remedy of dismissal of an indictment based on prosecutorial or government misconduct is an extraordinary one and is generally applied to insure proper conduct by the government and its agents.[6] *See United States v. Pino*, 10th Cir.1983, 708 F.2d 523, 529–31, and *United States v. Thibadeau*, 2d Cir.1982, 671 F.2d 75, 78. In addressing the question of the degree of misconduct necessary to set aside a grand jury indictment, we begin with the premise that an indictment, valid on its face, returned by a legally constituted grand jury, calls for a trial on the merits. *United States v. Flaherty*, 1st Cir. 1981, 668 F.2d 566. Malavet does not challenge the validity of the indictment or the make-up of the grand jury. Rather, he argues that the independence of the grand jury was influenced by the prejudicial remarks made by a government agent.

Other circuits addressing the degree of misconduct required to dismiss a valid indictment based on government misconduct have required a strong showing of prejudice before granting a motion to dismiss. In *United States v. McKenzie*, 5th Cir., 678 F.2d 629, *cert. denied*, 1982, 459 U.S. 1038, 103 S.Ct. 450, 74 L.Ed.2d 604, the court held that an indictment would be dismissed "only when [government] misconduct amounts to *overbearing the will of the grand jury* so that the *indictment is, in effect, that of the prosecutor* rather than the grand jury". *Id.* at 631 (emphasis added). A showing of *actual prejudice* to the accused is required. *Id.* (emphasis added). The Court of Appeals for the Ninth Circuit will dismiss an indictment for misconduct before the grand jury only if it finds that "the grand jury has been *overreached* or *deceived* in some significant way ... [by] conduct [that] *significantly infringed upon the ability of the grand jury to exercise its independent judgment."* *United States v. Cederquist*, 9th Cir.1981, 641 F.2d 1347, 1352–53 (emphasis added).

---

4. Although the district court did not have to reach the issue, it also found that, even if the motion had been timely, Rodriguez's testimony did not constitute gross misconduct by the government that would require dismissal of the indictment.

5. An accused person has a constitutional right to a grand jury that is unbiased, "acting independently of either prosecuting attorney or judge". *Stirone v. United States,* 1960, 361 U.S. 212, 218, 80 S.Ct. 270, 273, 4 L.Ed.2d 252.

6. The dismissal may be based on either the fifth amendment due process clause or on the court's inherent supervisory powers. *United States v. Cederquist,* 9th Cir.1981, 641 F.2d 1347, 1352, and cases cited therein. The standard for dismissal is the same under the due process clause and the court's supervisory powers. *Id.*

The conduct complained of in this case is not so egregious as to "deceive", "overreach", or "overbear the will" of the grand jurors. The prosecutor instructed the grand jury to disregard the testimony that was unrelated to the charges before it, that is, the alleged history of obtaining illegal passports and suspected drug involvement. The reference to the defendant's refusal to make a statement after being advised of his right not to do so is not such a significant error to require the radical remedy of dismissal of a valid indictment. We find that neither the fifth amendment due process clause nor the exercise of the court's supervisory powers warranted the dismissal of the indictment in this case.

Finally, Malavet contends that the district court erred in refusing to grant a new trial after a defense witness recanted his testimony at trial and gave a new statement incriminating himself and exculpating Malavet.[7] After an evidentiary hearing on the motion for a new trial during which the witness testified, the trial judge denied the motion. She found that the newly discovered evidence was "impeaching evidence of bad calibre which could not have any effect on the outcome of [the] case". *United States v. Malavet Rodriguez,* No. 83–0024 CC, slip op. (D.P.R. June 2, 1983).

■ The disposition of a motion for a new trial rests within the discretion of the trial judge, and will be disturbed on appeal only for abuse of discretion or misapplication of the law. *United States v. Johnson,* 1946, 327 U.S. 106, 111, 66 S.Ct. 464, 466, 90 L.Ed. 562. Malavet contends that the trial judge misapplied the law in this case. Because Malavet's motion for a new trial was filed within seven days of his conviction, Malavet asserts that the trial judge should have granted the motion if it was in the interest of justice to do so.

Malavet's contention that the interest-of-justice standard applies in this case is based on the decision of the District of Columbia Circuit in *United States v. Anderson,* D.C.Cir.1974, 509 F.2d 312, *cert. denied,* 1975, 420 U.S. 991, 95 S.Ct. 1427, 43 L.Ed.2d 672. In *Anderson,* the court noted that "a new trial motion based on newly discovered evidence made within the seven-day period following verdict . . . is to be measured in terms of 'the interest of justice,' and not by the stricter standard applicable to motions submitted outside that time frame." *Id.* at 327. Malavet does not cite any authority that would indicate that the *Anderson* standard has been adopted by this Court.[8]

In considering Malavet's motion, the trial judge relied on the more exacting standards adopted by this Court in *Pelegrina v. United States,* 1st Cir.1979, 601 F.2d 18. In that case, we held that a new trial would be granted on the basis of newly discovered evidence if (1) the evidence is in fact newly discovered, (2) the evidence would effect the outcome of the trial, (3) the evidence is material, and (4) the failure to obtain the evidence during trial is not due to a lack of diligence. *Id.* at 21.

■ We did not have the occasion in *Pelegrina* to consider whether the four-pronged test applied to motions brought within the seven-day period as well as to motions brought after that time. Nor must we resolve that issue here. We find that a new trial is not warranted in this case under either the interest-of-justice standard or the *Pelegrina* standard.

■ Under the interest-of-justice standard, the trial judge sits as a "thirteeth juror". *Brodie v. United States,* D.C.Cir. 1961, 295 F.2d 157, 160. Thus, the judge has broad powers in determining whether to grant a new trial. *Id.* In this case, the evidence did not warrant a new trial. The testimony of other witnesses implicated Malavet in the plan to obtain United States passports for illegal aliens by unlawful

---

7. *See generally* Fed.R.Crim.P. 33.

8. Other circuits considering the issue have applied the less exacting interest-of-justice standard to motions filed within seven days of the verdict. *See, e.g., United States v. Mitchell,* 4th Cir.1979, 602 F.2d 636, 639; *United States v. Rachal,* 5th Cir. 473 F.2d 1338, 1343 (dictum), *cert. denied,* 1973, 412 U.S. 927, 93 S.Ct. 2750, 37 L.Ed.2d 154.

means. One of the illegal aliens testified that he received false birth certificates for himself and others from Malavet. The testimony, therefore, of the recanting witness that Malavet was not involved in obtaining the false documents was impeachment evidence. Impeachment evidence is presumptively immaterial. 3 C. Wright, *Federal Practice and Procedure* § 557 (1982). In addition to its immateriality, the trial judge found that the testimony was not credible. The trial judge had the opportunity to see the witness and hear the testimony. We find, on the basis of the record, that the trial judge's assessment of the witness's testimony was not erroneous.

We hold that the interest-of-justice standard was satisfied by the evidentiary hearing conducted by the trial judge on Malavet's motion for a new trial. *See United States v. Mitchell*, 4th Cir.1979, 602 F.2d 636, 639, holding that the interest of justice is served by granting a hearing on the motion for a new trial. Because the testimony was immaterial and unreliable, it would not have affected the outcome of the case. The *Pelegrina* requirements, therefore, were not met.

The trial judge did not abuse her discretion in denying the defendant's motion for a new trial. The judgment of the district court is AFFIRMED.