**UNITED STATES of America, Plaintiff,**

v.

**Francisco PUJOL, Defendant.**

**Cr. No. 88–0438CC.**

United States District Court,
D. Puerto Rico.

Feb. 16, 1989.

Daniel F. López–Romo, U.S. Atty. and José R. Gaztambide, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff.

Roberto Busó–Aboy and José A. Fuentes–Agostini, San Juan, P.R., for defendant.

### ORDER

CEREZO, District Judge.

This case is before us on an appeal from the U.S. Magistrate's Order of December 28, 1988 denying defendant's request for disclosure of transcripts of the grand jury proceedings filed on December 2, 1988 (docket entry 14). Among the arguments on appeal, defendant contends that the Magistrate reviewed "all available minutes" and that "[o]nly by reviewing the whole process before the Grand Jury can the Court ascertain that an unbiased Grand

---

Jury handled down the indictment in this case." At this juncture, we note that the parties and Magistrate appear to use the terms "minutes" and "transcripts" indiscriminately. The documents submitted by the government for the Magistrate's perusal are, in fact, the complete transcripts of the grand jury proceedings, encompassing some eighteen (18) volumes. On appeal, the Court has reviewed each transcript, line by line.

Our review of these transcripts does not reveal any instance of prosecutorial misconduct "so egregious as to 'deceive,' 'overreach,' or 'overbear' the will of the grand jurors." *United States v. Rodriguez*, 738 F.2d 13, 17 (1st Cir.1984).

Our examination of the record of the proceedings does, however, reveal two instances of impropriety on the part of Assistant U.S. Attorney Ricardo Pesquera. The first of these occurred during his explanation to the grand jury of the charges that the government was seeking against Francisco Pujol. After correctly explaining to the jury the two statutes involved in the investigation, to wit: 18 U.S.C. Section 1001 (giving a material false statement to an agency of the United States) and 18 U.S.C. Section 1621 (perjury generally), the prosecutor indicated that they would also be looking at 18 U.S.C. Section 1623 (perjury before a grand jury). He specifically called the jurors' attention to the fact that: "Mr. Pujol has not testified before a grand jury, however, if you so wish, we will subpoena him to testify before a grand jury to answer questions that we pose to him" and "[i]f he commits perjury before the grand jury, that is, if he lies, willfully lies here about material facts, then he could be considered to be charged with perjury before the grand jury, specifically, before the grand jury."[1]

He then proceeded to explain the difference between Section 1621 and 1623, stating that for Section 1623 to apply "we need an additional element and that is that there has to be a pending judicial proceeding."

He then added "that would be, in this case, if you decide to subpoena Francisco Pujol to testify before you, there's already a pending judicial proceeding, that is, the grand jury investigation . . ." and "[i]f he lies under oath, knowingly and willfully lies, knowing that what he's saying is a lie, and those are material facts, then he could be considered as a person to be charged under Section 1623."[2]

Immediately thereafter, Pesquera indicated that they would also be looking at Section 1503, "the obstruction of justice section." He then read the pertinent part of this section which provides: "Whoever corruptly influences, intimidates, or impedes any grand jury investigation, influences, obstructs or impedes or endeavors to influence, obstruct or impede the due administration of justice, shall commit an offense against the United States."[3]

He also made reference to other sections of Title 15 involving the Securities and Exchange Commission statute which deal with criminal violations, and noted that at the next meeting "I will present those sections to you and I will again go through the applicable sections here and discuss them with you."

The references to the possibility of the grand jury finding that defendant Pujol, at that time target Pujol, incurred in perjury before the grand jury and/or obstructed the grand jury investigation, were made before Mr. Pujol appeared before the grand jury and before the prosecutor presented any evidence, testimonial or documentary, in support of the Section 1001 and 1621 charges. This was not a general advisory statement made to the grand jury regarding all the future witnesses, but, rather, one that singled out the defendant as a potential liar against whom additional charges could be brought in the context of an investigation involving charges of general perjury.

The other incident which concerns us occurred after the testimony of Francisco

---

**1.** Transcript at pages 3–4. Testimony of Gary L. Pilawski on September 22, 1988.

**2.** *Id.,* at pages 4–5.

**3.** *Id.* at page 5.

López–Romo, Esq. during his first appearance before the grand jury on October 6, 1988.

One of the matters brought before the grand jury was the recusal of the U.S. Attorney Daniel F. López–Romo for this District because of the imputations made by Pujol against his brother Francisco in a complaint before the Superior Court of Puerto Rico charging unethical conduct. Mr. Francisco López–Romo ended his testimony before the grand jury with an explanation on how he and his brother handle conflicts of professional interest stating:

Every time I go to represent someone in a criminal case, I pick up the phone and call him and say, I'm going to represent so-and-so and he immediately disqualifies himself from the case and that's what I wanted to say, that my conscience is presently brother is involved in this situation. I wish I was a doctor or something like that, and didn't have an active practice but, that is the situation.[4]

After Mr. Francisco López–Romo was excused, Mr. Pesquera commenced what turns out to fill two pages of transcript, where he, in effect, turned into a witness and vouched for the credibility of Mr. López–Romo, stating:

What Mr. López–Romo said at the end regarding the procedure, every time that Mr. Francisco López–Romo has ever represented a defendant in this court, Mr. López–Romo, the U.S. Attorney, always recuses himself, and that is what happened in this case, and I would like to read to you a letter dated October 3, 1988, addressed by Mr. Daniel López–Romo to my person and to Charles E. Fitzwilliam. Charles E. Fitzwilliam is now the Acting United States Attorney in this investigation. That means, the person [sic] that López–Romo would do in any normal case, will be done at this time by Mr. Charles Fitzwilliam; he is the Executive Assistant United States Attorney, which in essence is the number 2 man in the office, and when Mr. López–Romo has recused, he is the person responsible for the investigation. He is the

person that I have to respond to, let him know what has happened, and consult any doubts that I may have.

I would like to read it:

"To Ricardo R. Pesquera, Assistant U.S. Attorney, Charles E. Fitzwilliam, Executive Assistant U.S. Attorney. Reference is made to the telephone conversation held between myself and AUSA Pesquera." AUSA is the abbreviation of Assistant U.S. Attorney, AUSA. "AUSA Pesquera about 3:40 P.M. on October 3, 1988 and in relation with the draft indictment that was sent to me for my perusal in the investigation of Francisco Pujol. In particular, it should be remembered that when discussing count 3 of the proposed indictment, I asked AUSA Pesquera who were the two attorneys subject of the alleged false fictitious statement of Mr. Pujol and that at this time, I was advised that my brother, Attorney Francisco López–Romo, was one of them. Not knowing that my brother in law [sic] would be a witness for the prosecution in the event that Francisco Pujol is indicted, and further noting that Mr. Pujol has already made statements to the press claiming his innocence, and in further learning from AUSA Pesquera that said individual has just filed a disciplinary complaint against my brother and another attorney, contents of which are unknown to me at this time, I am immediately disqualifying myself from all matters related to this investigation. Therefore, Executive Assistant U.S. Attorney, Charles E. Fitzwilliam, is hereby designated Acting United States Attorney in said case and will continue in such capacity unless otherwise released by the Department of Justice or under the provisions of 28 CFR 0.131. It is further requested that my name be deleted from any documents related with the prosecution of this case. As customary, a copy of this memorandum should be immediately mailed to Mr. Lawrence S. McWhorter, Director, Executive Office

**4.** Transcript of testimony of Mr. Francisco    López–Romo on October 6, 1988, at page 29.

for the U.S. Attorneys, for whatever dissemination he feels to be in order." [5]

Although this lengthy explanation was not prejudicial, for it did not refer to the substance of the charges, but rather, to a peripheral matter, it, nonetheless, was improper. When the prosecutor lends the prestige of his office to enhance the credibility of witnesses, the fairness of the process can be impaired.

We reiterate that, after combining the entire transcript, these are the only two instances of impropriety that we encountered. The Court condemns this conduct and admonishes the U.S. Attorney's Office for this District that its attorneys must refrain from future conduct of this nature before the grand jury. Given the hostile environment which was created by the cross-accusations and that was ventilated in the media, however, the Court feels that the comments were not made with the bad faith intention of unduly influencing the animus of the grand jury. We are also convinced that the prosecutor's conduct did not amount to overbearing the will of the grand jurors, and, consequently, did not infringe upon their ability to exercise an independent judgment. We must note that this was an extensive proceeding, consisting of eighteen individual transcripts and that, except for these two incidents, AUSA Pesquera conducted the proceedings in a responsible and objective manner.

Accordingly, defendant's appeal of the Magistrate's denial of disclosure of the grand jury minutes is DENIED since, even if disclosed, the transcript of this secret proceeding they would not serve as grounds for the dismissal of the indictment, as anticipated by defendant.

SO ORDERED.