USA v. Kamasinski                    CR-96-16-B      12/05/96

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

United States of America

v.                                    Criminal No. 96-16-01-B

Theodore Kamasinski

**O R D E R**

Theodore Kamasinski moves to dismiss a superseding indictment charging him with one count of wire fraud in violation of 18 U.S.C.A. § 1343.  He bases his motion on claims that: (1) the superseding indictment is barred by the statute of limitations; (2) the government engaged in prosecutorial misconduct; and (3) the delay in bringing him to trial violates the Speedy Trial Act, 18 U.S.C.A. § 3161 et. seq.  For the reasons set forth below, I deny the motion.

**DISCUSSION**

**A.    STATUTE OF LIMITATIONS**

The superseding indictment was returned on October 16, 1996.  Assuming without deciding that the wire fraud scheme described in the indictment is subject to a five-year statute of limitations,[1]

---

[1]  The government suggests that the superseding indictment may be governed by a ten-year statute of limitations because the fraud scheme "affects a financial institution."  See 18 U.S.C.A. § 3293.  I do not address this contention because, as I describe below, dismissal is not warranted even if the indictment is subject to the shorter five-year limitations period.

see 18 U.S.C.A. § 3282, the indictment cannot survive unless it alleges that the crime was committed after October 16, 1991.

Although the superseding indictment alleges that Kamasinski began the fraud scheme in 1991, more than five years before the indictment was returned, it also charges that Kamasinski participated in an interstate wire communication in furtherance of the fraud scheme "at an unknown date in 1992." The crime of wire fraud is committed whenever interstate wire communications are made in furtherance of a scheme to defraud. United States v. Eisen, 974 F.2d 246, 263 (2d Cir. 1992), cert. denied, 507 U.S. 1029 (1993); United States v. Dunn, 961 F.2d 648, 650 (7th Cir. 1992); United States v. Perholtz, 842 F.2d 343, 365 (D.C. Cir. 1988). Since the superseding indictment alleges that Kamasinski participated in an interstate wire communication in furtherance of the charged fraud scheme within the limitations period, the indictment is not barred on its face by the statute of limitations. Further, I reject as premature Kamasinski's claim that the 1992 wire communication was not made in furtherance of the charged fraud scheme because I may not look beyond the face of the indictment in judging its sufficiency prior to trial. See United States v. Simpson, 371 U.S. 75, 77 (1962); United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). Kamasinski may renew his argument after the government has presented its evidence in support of the charge.

B.   **PROSECUTORIAL MISCONDUCT**

Kamasinski next asserts that the superseding indictment

should be dismissed because of prosecutorial misconduct.  A prosecutor's decision to seek an indictment, however, is entitled to "a threshold presumption that [he] acted in good faith for reasons of sound governmental policy."  United States v. Gary, 74 F.3d 304, 313 (1st Cir.) (citation omitted), cert. denied 116 S. Ct. 2567 (1996).  Dismissal of an indictment is an extreme remedy, appropriate only in cases of serious and blatant prosecutorial misconduct that distorts the integrity of the judicial process.  United States v. Dodge, 803 F. Supp. 559, 562 (D.N.H 1992) (citations omitted); see Bank of Nova Scotia v. United States, 487 U.S. 250, 262 (1988) (discussing pertinent remedies other than dismissal).  The reluctance to dismiss indictments because of prosecutorial misconduct stems from the constitutionally mandated independence of the grand jury and the prosecutor.  United States v. Ogden, 703 F.2d 629, 636 (1st Cir. 1983); see also Dodge, 803 F. Supp. at 562.  The dismissal of an indictment based on these grounds is infrequent and "exists as a prophylactic tool to discourage further misconduct of a like nature."  United States v. Giorgi, 840 F.2d 1022, 1030 (1st Cir. 1988).  "The misconduct must be sufficiently egregious so as to 'deceive', 'overreach', or 'overbear the will' of the grand jury."  Dodge, 803 F. Supp at 562; see also United States v. Rodriguez, 738 F.2d 13, 16 (1st Cir. 1984) (dismissal of indictment due to prosecutorial conduct constitutes extreme remedy).  Furthermore, an indictment may only be dismissed when the misconduct has "substantially influenced the grand jury's

3

decision to indict, or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." Bank of Nova Scotia, 487 U.S. at 256 (citation omitted).

Kamasinski offers several arguments in support of his prosecutorial misconduct claim. First, he contends that the government improperly charged Kamasinski's former co-defendant, Carol Rubin, with wire fraud in an effort to coerce her to testify against him. Kamasinski has produced no evidence to support this claim. Moreover, even if the claim were true, it would not warrant dismissal of the charge against Kamasinski.

Second, Kamasinski complains that the superseding indictment is somehow tainted by deficiencies in the original indictment. As I acknowledged in my earlier order dismissing the original indictment, it did not sufficiently inform Kamasinski of the factual basis for the charge. However, Kamasinski has produced no evidence to support his assertion that the prosecutors deliberately caused the grand jury to return a deficient indictment. Moreover, the misconduct he alleges concerning the first indictment would not warrant dismissal of the superseding indictment even if it had been proved.

Third, Kamasinski contends that the prosecutors improperly influenced the grand jury that returned the superseding indictment. The only evidence he points to in support of this claim is that the government referred to the superseding indictment in an objection to Kamasinski's original motion to

4

dismiss that the government filed two minutes before the superseding indictment was filed.  This assertion does not support a claim of improper influence.  Therefore, I reject Kamasinski's prosecutorial misconduct claims.[2]

## C.    SPEEDY TRIAL ACT VIOLATIONS

Kamasinski also asserts that the superseding indictment must be dismissed because the delay in bringing him to trial violates the Speedy Trial Act, 18 U.S.C.A. § 3161 et. seq.  The Speedy Trial Act clock begins to run when an indictment is returned or the defendant has his initial appearance, whichever occurs last. 18 U.S.C.A. § 3161(a)(1).  Once the clock begins to run, the trial must begin within 70 days after deducting any time that lawfully may be excluded.  United States v. Staula, 80 F.3d 596, 600 (1st Cir.), cert denied., 111 S. Ct. 156 (1996); United States v. Sepulveda, 15 F.3d 1161, 1193 (1st Cir. 1993), cert. denied, 114 S. Ct. 2714 (1994).

The Speedy Trial Act clock began to run in this case on May 1, 1996, the day of Kamasinski's initial appearance on the original indictment before Magistrate Judge Muirhead.[3]  Since the

---

[2] I also summarily reject Kamasinski's other prosecutorial misconduct claims on the ground that they are frivolous.

[3] The speedy trial clock is reset if the government obtains a new indictment after the original indictment is dismissed on a defendant's motion.  18 U.S.C.A. § 3161(d)(1); see United States v. Magna-Olivera, 917 F.2d 401, 404 (9th Cir. 1990).  Here, however, the superseding indictment was obtained before the original indictment was dismissed.  Therefore, the speedy trial period is calculated from the date of Kamasinski's initial appearance on the original indictment.  See United States v. Baker, 40 F.3d 154, 159 (7th Cir. 1994), cert. denied, 115 S. Ct. 1383 (1995).

trial is scheduled to commence on December 10, 1996,[4] a total of 224 days will have elapsed from the date of Kamasinski's initial appearance on the original indictment to the trial date. Thus, I must grant Kamasinski's motion to dismiss unless at least 154 days may be excluded for reasons recognized by the Speedy Trial Act.[5]

Almost all of the delay in bringing this case to trial is attributable to the defendant's own conduct. Kamasinski was accompanied to his initial appearance by a lawyer who declined to enter an appearance on his behalf. Because Kamasinski did not seek to have counsel appointed to represent him, the Magistrate Judge gave him until May 21, 1996 to retain his own attorney. Instead of complying with that order, however, Kamasinski filed a motion on May 21, 1996 seeking additional time to obtain counsel. A hearing was conducted on this motion on May 31,1996. Under the Speedy Trial Act, the 11 days from the filing of the motion to the conclusion of the hearing are excluded. 18 U.S.C.A. § 3161 (h)(1)(F).

On June 25, 1996, Kamasinski filed a motion to continue the trial that was then scheduled for July 2, 1996 because he claimed that he needed additional time to find an attorney. On June 26, 1996, I issued an order granting the motion and continuing the trial until October 1, 1996. These 2 days are therefore excluded

---

[4] The trial schedule has been amended several times since July 1996. See infra.

[5] May 1, 1996 itself is excluded under 18 U.S.C.A. § 3161 (h)(1) because his initial appearance is a "proceeding."

under 18 U.S.C.A. § 3161(h)(1)(F). In granting the motion, I found that "the ends of justice served in granting a continuance outweigh the best interests of the public and defendants in a speedy trial." Accordingly, the 92 days from the July 2, 1996 trial date to the new October 1, 1996 trial date are also excluded. 18 U.S.C.A. § 3161(h)(8)(A).

The same day that I issued the order continuing the trial, I issued another order giving Kamasinski and his co-defendant, Carol Rubin, until July 25, 1996 to obtain counsel. The order specified that if they did not obtain counsel by that date, I would appoint counsel for them at their own expense. After both defendants failed to comply with this order, I issued an order on August 26, 1996 instructing the clerk to appoint counsel for both defendants. Rubin's counsel later asked for a continuance of the October 1, 1996 trial date because, among other reasons, he needed more time to prepare for trial. I granted this motion, continuing the case until November 19, 1996, and made the required ends of justice finding. The 49 days between the October 1, 1996 trial date and the new trial date of November 19, 1996 are excluded against Kamasinski even though he did not ask for the continuance. 18 U.S.C.A. § 3161(h)(7). United States v. Rojo-Alvarez, 944 F.2d 959, 965-66 (1st Cir. 1991).

As the November 19, 1996 trial date approached, Kamasinski filed a motion to continue the trial until December 16, 1996 so that his counsel could obtain and review certain materials that he needed to prepare his defense. After making the required ends

7

of justice finding, I granted this motion and continued the trial again until December 3, 1996.  These 14 days are also excluded. 18 U.S.C.A. § 3161(h)(8)(A).

Finally, after I issued an order dismissing the original indictment, the government filed a motion to continue the trial so that it could obtain authority to appeal my dismissal order. I granted this motion, making the required ends of justice finding, and continued the trial until December 10, 1996.  These 7 days are also excluded.  18 U.S.C.A. § 3161(h)(8)(A).

When all of the excluded time is subtracted from the total number of days between Kamasinski's initial appearance and the trial, at most only 48 days of non-excludable time will have elapsed between the time of the indictment and the time of trial.[6]  Accordingly, the defendant's Speedy Trial Act claim necessarily fails.

---

[6]  All of the non-excludable time elapsed during the period following the initial appearance in which Kamasinski delayed the appearance of an attorney on his behalf, despite generous allotments of time to allow him to retain an attorney.  In reviewing speedy trial calculations, courts of appeal have excluded time even without an explicit ends of justice finding if the defendant causes the delay.  See United States v. Moutry, 46 F.3d 598, 601 (7th Cir. 1995) (excluding time following request for new counsel where delay benefitted defendant despite lack of interests of justice finding); United States v. Studnicka, 777 F.2d 652, 658 (11th Cir. 1985) ("The Speedy Trial Act was not enacted to string the court along by delaying in retaining counsel and then use (sic) the Act as a sword to dismiss a proper indictment, rather than as a shield to protect against unnecessary and unfair delays.").  Therefore, a credible argument can be made that all of the time between Kamasinski's initial appearance and the trial should be excluded.

## CONCLUSION

Because I find that the superseding indictment is valid on its face[7], no prosecutorial misconduct has been proved, and there have been no violations of the Speedy Trial Act, I deny the defendant's motion to dismiss the superseding indictment (document no. 68).

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

December 5, 1996

cc:  Arnold Huftalen, Esq., AUSA
     Charles Temple, Esq.
     United States Marshal
     United States Probation

---

[7] Kamasinski challenges the particularity of the superseding indictment for the first time in his supplemental memorandum. Because the superseding indictment sufficiently apprises the defendant of the charge and the facts underlying the alleged scheme to defraud, his argument fails. Hamling v. United States, 418 U.S. 87, 117 (1974).