**UNITED STATES of America, Plaintiff,**

v.

**Alexis RIVERA FELICIANO, et al., Defendants.**

**No. CRIM.00–917 (JAG).**

United States District Court, D. Puerto Rico.

Jan. 16, 2002.

15 F.3d at 1211 n. 11; *see also Delatorre*, 157     F.3d at 1211.

Rafael F. Castro–Lang, San Juan, PR, for Plaintiff.

Aixa Maldonado–Quinones, U.S. Attorney's Office District of P.R., Civil Division, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Defendant Alexis Rivera–Feliciano ("Rivera–Feliciano") filed a motion to dismiss (Docket # 110) pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure. Rivera–Feliciano alleges that the government's evidence consists solely of the tape recordings that have been submitted to the Court and that there is nothing in those recordings indicating that defendant participated in the crime charged in the indictment. Rivera–Feliciano further argues that there are sufficient grounds to suggest that since the tape recordings are not enough to convict him, the agent that testified before the grand jury must have distorted their contents so as to obtain an indictment. Thus, Rivera–Feliciano seeks the dismissal of the indictment based on prosecutorial or government misconduct.

■■■ The Supreme Court has held that an indictment returned by a legally constituted and unbiased grand jury "is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *United States v. Calandra,* 414 U.S. 338, 363, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). In *United States v. McKenzie,* 678 F.2d 629, 631 (5th Cir.1982), the Court held that an indictment would be dismissed "only when government misconduct amounts to overbearing the will of the grand jury so that the indictment is, in effect, that of the prosecutor rather than the grand jury." A request to dismiss an indictment based on government misconduct is an extraordinary remedy and is generally applied to insure proper conduct by government agents. A showing of actual prejudice to the accused is required. *See United States v. Rodríguez Malavet,* 738 F.2d 13, 16 (1st Cir.1984). Accordingly, the Court will dismiss an indictment for misconduct before the grand jury only if it finds that "the grand jury has been overreached or deceived in some significant way by conduct that significantly infringed upon the ability of the grand jury to exercise its independent judgment." *United States v. Cederquist,* 641 F.2d 1347, 1352–53 (9th Cir.1981).

Knowing that he must bear a heavy burden, Rivera–Feliciano requested the Court to order the government to produce the grand jury testimony related to him so

that he could establish the type of prejudice that would justify the dismissal of the indictment. The Court denied Rivera–Feliciano's request, but ordered the government to produce to the Court the grand jury transcripts for an *in camera* inspection.

■ After analyzing the grand jury transcripts, provided by the government, the Court is convinced that Rivera–Feliciano's allegation, that the independence of the grand jury was influenced by prejudicial remarks made by the case agent, is without merit. There is nothing in the grand jury transcripts that suggests that the case agent tried to deceive, overreach, or overbear the will of the grand jurors. *Rodriguez Malavet,* 738 F.2d at 16. Furthermore, the evidence proffered in the tape recordings played before the grand jury clearly demonstrates that Rivera–Feliciano participated in the crime charged in the indictment. Accordingly, Rivera–Feliciano's motion to dismiss (Docket # 110) is **DENIED.**

IT IS SO ORDERED.