**UNITED STATES,**

v.

**Ismael GENAO, Defendant.**

**No. 03 CR. 574(SCR).**

United States District Court,
S.D. New York.

March 8, 2005.

John P. Collins, Jr., United States Attorney's Office, White Plains, NY, for United States.

Ian Yankwitt, The Legal Aid Society, New York, NY, for Ismael Genao.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. Background

Following a trial in which the jury concluded that Ismael Genao (the "Defendant") was guilty of all charged offenses, Defendant filed numerous post-trial motions. Defendant has moved for a judgment of acquittal pursuant to FED. R. CRIM. P. 29(c), for a new trial pursuant to FED. R. CRIM. P. 33, to arrest the judgment and dismiss the indictment pursuant to FED. R. CRIM. P. 34, and to stay his sentence pursuant to FED. R. CRIM. P. 38. In addition, he filed a post-trial *Franks* hearing motion.

### II. The Defendant's Motion for Judgment of Acquittal

In considering a motion pursuant to FED. R. CRIM. P. 29(c), a court must ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In addition to reviewing the trial evidence in the light most favorable to the government, the court must also credit "every inference that the jury might have drawn in favor of the government." *United States v. Walker*, 191 F.3d 326, 333 (2d Cir.1999). Thus, where "either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter." *United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir.2004) (quoting *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000)) (internal quotation marks omitted).

Here, the Defendant's primary argument is that the Government failed to prove that he knowingly transported child pornography because: (1) the file servers operated automatically; and (2) he was asleep at the time that most of the files were transferred. Both of the Defendant's arguments were raised during his testimony and his closing argument.

■ The testimony at trial showed that the Defendant, a Cablevision Optimum Online customer, operated two file servers—that advertised and distributed child pornography—from his apartment in Yonkers, New York. On March 6, 2003, in Arizona, Special Agent Robin Andrews accessed the Defendant's two file servers—server1 and server2—and downloaded approximately 44 pictures and three movies of children engaged in sexually explicit acts. The Defendant's argument that he did not know that the files were on his computer or "knowingly transport" them in interstate commerce is belied by the overwhelming evidence at trial.

The evidence showed that as each of those pictures and movies was being downloaded, Agent Andrews saw the IP address of the file server sending her each file: 63.127.192.146 for server1 and 12.148.162.175 for server2. The evidence also showed that those two file servers belonged to the same company—Lockdown Corporation in New Hampshire. Michael Paris, the President of Lockdown Corporation, testified that user "xcke"—

the Defendant's account—was accessing those IP addresses continuously on March 6, 2003 and that the Defendant's account was the only account accessing those servers on March 6, 2003. Paris also testified that user "xcke" was using the Cablevision Optimum Online IP address 24.189.135.43.

A search of the Defendant's computer revealed that his main hard drive contained approximately 25 gigabytes of encrypted data—approximately the same amount of files that server1 and server2 were offering—through advertisements in the 100/reTeenGirlsSexPics chat room—for individuals to download. In addition, the FBI found numerous instances of "server1", "server2", and "24.189.135.43" on the Master File Table of the Defendant's computer. Further, the FBI found that thousands of image titles consistent with child pornography had been deleted and wiped from his computer—including three of the images that Agent Andrews had uploaded to server1 and server2, and 42 pictures and movies that she had downloaded from server1 and server2.

Finally, the Defendant took the witness stand in his own defense and set forth a story—which the jury by convicting him rejected—in which he contended, among many other things: (1) that the enormous amount of encrypted material on his computer was the result of a project he undertook to try and break PGP even though he did not possess the computing power to do it; and (2) that in March of 2003 he was not running a file server from his home, had never been known as server1 or server2, and was not advertising any sort of advertisement in an IRC chat room. The jury in reaching its verdict found beyond a reasonable doubt that the latter contention was perjurious.

Viewing all of the evidence presented at trial in the light most favorable to the government and crediting every inference that the jury might have drawn in favor of

the government, the proof of the Defendant's guilt was overwhelming and far beyond the standard that FED. R. CRIM. P. 29 requires to sustain a conviction.

## III. The Defendant's Motion for a New Trial

A motion for a new trial pursuant to Federal Rules of Criminal Procedure 33 may be granted "if the interests of justice so require." FED. R. CRIM. P. 33. Whether to grant a motion for a new trial pursuant to Rule 33 rests in the broad discretion of the trial judge. *United States v. Ferguson*, 49 F.Supp.2d 321, 323 (S.D.N.Y.1999) (citing *United States v. Rodriguez*, 738 F.2d 13, 17 (1st Cir.1984)). The burden of proving the need for a new trial lies with the defendant. *Ferguson*, 49 F.Supp.2d at 323 (citing *United States v. Soblen*, 203 F.Supp. 542 (S.D.N.Y.1961), *aff'd*, 301 F.2d 236 (2d Cir.1962)). Unlike a Rule 29 motion, in deciding whether to grant a Rule 33 motion, a judge may weigh the evidence and determine the credibility of witnesses. *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir.1992).

The Court's discretion is, however, somewhat limited in that it should only grant a new trial when it "concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict [such] that a serious miscarriage of justice may have occurred." *Id.* Such motions are not favored and should be granted only with great caution in exceptional circumstances. *Ferguson*, 49 F. Supp.2d at 323 (citing *United States v. Costello*, 255 F.2d 876, 879 (2d Cir.1958); *Soblen*, 203 F.Supp. at 564). It is only where a "manifest injustice," *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001), has been done such that an innocent person may have been convicted that there

is a need for a new trial. *Sanchez*, 969 F.2d at 1414.

## A. Closing Arguments

First, of the twenty-three statements in the Government's closing arguments that the defendant now raises in Rule 33 motion, the defendant objected to only one of the statements during the course of closings. Specifically, The Defendant objected to AUSA New's argument that:

> Let's start with his demeanor. You saw his demeanor as he testified. Was he shocked to learn as he now claims that somebody, some unknown person, hacked into his computer and committed these crimes? No he wasn't. Was he outraged by those, as he put them, horrible pictures of child sexual abuse that were sent to and from his computer? No, he wasn't. (Tr. 1131–32).

In evaluating whether a prosecutor's remarks warrant reversal of the defendant's conviction, the Court of Appeals has stated that the proper review is to: (1) examine the severity of the remarks; (2) the measures adopted to cure any harm they caused, and (3) the certainty of conviction absent the improper remarks. *United States v. Melendez*, 57 F.3d 238, 241; *accord United States v. Thompson*, 29 F.3d 62, 66 (2d Cir.1994). To make this determination, this Court "must consider the objectionable remarks within the context of the entire trial." *United States v. Espinal*, 981 F.2d 664, 666 (2d Cir.1992) (citing *United States v. Young*, 470 U.S. 1, 11–12, 105 S.Ct. 1038, 84 L.Ed.2d 1), reversing only if the remarks, "viewed against 'the entire argument before the jury,' deprived the defendant of a fair trial." *United States v. Wilkinson*, 754 F.2d 1427, 1435 (2d Cir.1985) (quoting *United States v. Socony–Vacuum Oil Co.*, 310 U.S. 150, 242, 60 S.Ct. 811, 84 L.Ed. 1129 (1940)) (other citation omitted); *accord United States v. Pena*, 793 F.2d 486, 490 (2d Cir.1986) (citations omitted); *see also United States v.*

*Perez*, 144 F.3d 204, 210 (2d Cir.1998) (reversal warranted only where improper statements resulted in substantial prejudice when "taken in the context of the entire trial."). Such a finding is generally made only on the basis of repeated improper statements by the prosecutor, not on merely one ill-advised remark. *See United States v. Evangelista*, 122 F.3d 112, 120 (2d Cir.1997) (citing *Melendez*, 57 F.3d at 241); *see also Floyd v. Meachum*, 907 F.2d 347, 353 (2d Cir.1990) (emphasizing that reversal for prosecutorial misconduct was "based on the cumulative effect of the three alleged categories of improper remarks," which constituted "repeated and escalating prosecutorial misconduct.").

Here, AUSA New's comment was not misconduct because when the defendant testifies at trial, it is proper for the Government to comment on the defendant's demeanor. *See Hough v. Anderson*, 272 F.3d 878, 902 (7th Cir.2001) (prosecutor's comment on the fact that defendant never expressed remorse was proper comment on testimony actually given at trial). Further, even assuming *arguendo*, that the Government's remark was misconduct, given the Court's instruction to the jury immediately following the remark that: "Ladies and gentlemen, you had a chance to observe the witnesses—the witnesses and the defendant during the course of this trial and it's up to you to decide what his demeanor was or was not at each stage of this proceeding," (Tr. 1132) and the overwhelming evidence of the Defendant's guilt, a reversal of his conviction is not warranted.

## B. The Defendant's Testimony

Second, the Defendant argues that the Government improperly commented on his silence after his arrest. The Defendant's argument is without merit.

■ The Defendant did not argue at trial that he was not read his *Miranda* rights. *See Doyle v. Ohio*, 426 U.S. 610, 618, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) (footnote omitted) ("[W]hile it is true that the *Miranda* warnings contain no express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings. In such circumstances, it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial."). Here, despite the *Miranda* warnings, the Defendant made statements to the FBI agents during the post-arrest interview, thus waiving his right to remain silent under *Miranda. See Moran v. Burbine*, 475 U.S. 412, 420–23, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986); *United States v. Pitre*, 960 F.2d 1112, 1125 (2d Cir.1992) (by waiving his *Miranda* rights and making statements during post arrest interview, Government was allowed to comment on defendant's failure to respond to agent's questions in its summation).

Further, the record is clear that the Government did not comment on the Defendant's right to silence. During cross-examination, after establishing that the Defendant had been advised by the FBI that he was charged with child pornography offenses and that he made post-arrest statements to the FBI, the Government asked: *"And so at that point in time when you were speaking to the FBI*, did you tell them—did you tell them about what was encrypted on your computer?"* (Tr. 929) (emphasis added). The defendant objected to the questions under *Doyle* and the Court overruled the Defendant's objection. (Tr. 929–30).

As is clear from the Government's question, the Government specifically asked the Defendant about whether or not he had made statements to the FBI—"when [he] was speaking to the FBI"—about the encryption on his computer. Notwithstanding the fact that the Defendant did not invoke his right to silence, the Government did not in its questions or closing arguments make reference to an invocation of silence by the defendant. The Government's question was proper and specifically referred to the period when the defendant was making statements to the FBI.

### C. The Court's Questioning of the Defendant

■ The defendant also argues that he is entitled to a new trial, in part, because of the Court's questioning of the defendant. It is axiomatic that the Court is entitled to question witnesses, and the defendant cites no law to the contrary.

### IV. The Defendant's Motions to Arrest the Judgment and Dismiss the Indictment

■ An arrest of judgment under Rule 34 of the FED. R. CRIM. P. is appropriate only where "the indictment charges no offense and (2) where the court had no jurisdiction over the offense charged." *United States v. Sobell*, 142 F.Supp. 515, 522 (S.D.N.Y.1956); *United States v. Earls*, 2004 WL 1488524, at *1 (S.D.N.Y. July 2, 2004) (citing FED. R. CRIM. P. 34(a)); *United States v. Nachamie*, 2000 WL 1677860, at *3 (S.D.N.Y. Nov. 8, 2000); *United States v. Zisblatt*, 172 F.2d 740, 741 (2d Cir.1949). Because this Court has already ruled that: (1) there is federal jurisdiction over the Indictment; and (2) the Indictment properly charged federal offenses, this motion is denied.

### V. The Defendant's Post–Trial *Franks* Motion

Because the defendant's most recent *Franks* motions simply recasts and restates his arguments from his prior

*Franks* motion—which this Court denied—and does not meet the standard that the alleged "inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth," *United States v. Canfield,* 212 F.3d 713, 717–18 (2d Cir.2000), his motion for a post-trial *Franks* hearing is denied.

## VI. The Defendant's Motion to Stay Sentence

The Defendant requests that the Court recommend to the Attorney General that he remain at the Westchester County Jail in Valhala, New York, for purposes of his appeal preparation pursuant to FED. R. OF CRIM. P. 38(b)(2). Because the Defendant has been and is currently incarcerated at that jail, no such recommendation needs to be contemplated at this time. The Defendant's motion pursuant to Rule 38(b)(2) is denied.

IT IS SO ORDERED.